UNITED STATES of America, Plaintiff–Appellee,

v.

Kenneth Ray WATKINS, Defendant–Appellant.

No. 90–4205.

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1990.

David J. Fisher (court appointed), Orgain, Bell & Tucke, Beaumont, Tex., for defendant-appellant.

John B. Stevens, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

## I. FACTS AND PROCEDURAL HISTORY

Kenneth Ray Watkins ("Watkins") was arrested after he negotiated four social security checks made out to four different payees, none of whom gave Watkins permission to negotiate their checks. He was charged with two counts of passing forged treasury checks in violation of 18 U.S.C. § 510(a)(2) and one count of possessing treasury checks stolen from the mail in violation of 18 U.S.C. § 1708. Pursuant to a plea bargain agreement, Watkins entered a plea of guilty to the violation of 18 U.S.C. § 1708.

After denying Watkins' request to award a two-level reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines, the district court sentenced Watkins to a term of imprisonment of eight months, the maximum limit of the guideline range. Watkins here appeals his sentence.

## II. DISCUSSION

■ Section 3E1.1 of the Sentencing Guidelines provides that a defendant may be entitled to a two point reduction in his sentence if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." A court's determination of acceptance of responsibility is a factual question subject to the clearly erroneous standard of review. *United States v. Barreto*, 871 F.2d 511, 513 (5th Cir.1989).

■ The district court determined that Watkins was not entitled to this two point reduction for the sole reason that Watkins had used cocaine while on release pending sentencing. While noting that Watkins' statements concerning his culpability for the convicted offense were sincere, the district court explained that Watkins' "continuing or continued unlawful behavior while on release" were inconsistent with an acceptance of responsibility.

Watkins argues that the district court's interpretation of the acceptance of responsibility criterion was overly broad and unprecedented. Watkins is correct that there is no direct basis for this interpretation in the Guidelines themselves or in case law. However, it does not follow that this interpretation is necessarily incorrect.

Several cases support a sentencing judge's refusal to grant a reduction for acceptance of responsibility when the defendant used drugs while on pretrial release, at least when the underlying offense was related to, or motivated by, drug use. *See United States v. Scroggins*, 880 F.2d 1204, 1215 (11th Cir.1989) (underlying offense of postal theft motivated by drug use); *United States v. Davis*, 878 F.2d 1299, 1301 (11th Cir.1989) (underlying drug offense); *United States v. Weidner*, 703 F.Supp. 1350, 1354–55 (N.D.Ind.1988) (underlying drug offense). More analogous to the instant case is *United States v. Sanchez*, 893 F.2d 679, 681 (5th Cir.1990), a case in which this Court affirmed the district court's refusal to grant a reduction for acceptance of responsibility. While on release for a firearms violation, the defendant in *Sanchez* again attempted to acquire a firearm and used controlled substances. The district court concluded that the defendant's conduct demonstrated a lack of remorse and a reduction was not justified. On appeal, this Court found that this determination was not clearly erroneous. *Id.* However, this Court did not explain the

significance of the fact that part of the conduct which demonstrated a lack of remorse was similar to the offense of conviction.

 The Sentencing Guidelines indicate that this Court should give the sentencing judge wide discretion:

> The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.

Sentencing Guidelines § 3E1.1, Application Note 5. Among the appropriate factors specified in the Guidelines for determining if a defendant qualifies for the acceptance of responsibility reduction is the defendant's "voluntary termination or withdrawal from criminal conduct or association." Sentencing Guidelines § 3E1.1, Application Note 1(a). We note that this factor is phrased in general terms and does not specify that the defendant need only refrain from criminal conduct associated with the offense of conviction in order to qualify for the reduction. Thus, we find that the district court's interpretation that acceptance of responsibility includes refraining from any violations of the law is not without foundation.

## III. CONCLUSION

The Sentencing Guidelines provide that the sentencing judge is entitled to great deference in determining if a defendant deserves a reduction for acceptance of responsibility. The district court's refusal to grant a reduction solely because the defendant engaged in unlawful conduct during his pretrial release, albeit conduct unrelated to the offense of conviction, is not precluded by the Guidelines or case precedent. Because the district court's determination of sentence is not clearly erroneous, we affirm.

AFFIRMED.