925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin Robert MAYES, Defendant-Appellant.
 No. 90-5666.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1990.
Decided Feb. 19, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-89-300)
 Edward H. Weis, Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Paul A. Billups, Assistant United States Attorney, Huntington, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Marvin Robert Mayes pled guilty to unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1) and was freed on bond to await sentencing, with the condition that he participate in a drug treatment program and submit to random drug testing. During this time he tested positive for cocaine use. At sentencing, the district court denied Mayes a reduction in offense level for acceptance of responsibility because of his conduct while free on bond. Mayes appeals, arguing that he accepted responsibility for the offense of conviction and no other conduct should be considered. We affirm.
 
 
 2
 Guideline Sec. 3E1.1(a) provides a two-level reduction of the base offense level for a defendant who "clearly demonstrates a recognition of personal responsibility for his criminal conduct." The defendant bears the responsibility of proving that he is entitled to the adjustment. United States v. White, 875 F.2d 427, 431 (4th Cir.1989). The district court's refusal to grant a reduction for acceptance of responsibility is a factual determination reviewable under the clearly erroneous standard. Id. One of the factors the court should consider in determining whether the reduction is justified is whether the defendant has voluntarily terminated or withdrawn from criminal conduct or associations. U.S.S.G. Sec. 3E1.1, comment. (n. 1(a)). The guideline does not limit the court's consideration to conduct or associations directly involved with the offense of conviction. See United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. Oct. 1, 1990) (No. 90-15); United States v. Watkins, 911 F.2d 983 (5th Cir.1990).
 
 
 3
 We therefore find that the district court's denial of the reduction was not clearly erroneous. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.