UNITED STATES of America, Appellee,

v.

Kevin WOODS, Defendant–Appellant.

No. 635, Docket 89–1605.

United States Court of Appeals,
Second Circuit.

Argued Jan. 18, 1991.

Decided March 12, 1991.

Robert A. Napier, Rochester, N.Y., for defendant-appellant.

Charles M. Pilato, Rochester, N.Y. (Dennis C. Vacco, U.S. Atty., W.D.N.Y., of counsel), for appellee.

Before OAKES, Chief Judge, CARDAMONE and MAHONEY, Circuit Judges.

PER CURIAM:

Kevin Woods appeals from a judgment of conviction of the United States District Court for the Western District of New York, Michael A. Telesca, *Chief Judge*, entered upon Woods' plea of guilty to bank larceny in violation of 18 U.S.C. § 2113(b). The sole issue before us is whether the district court erred in refusing to credit Woods with a downward adjustment for acceptance of responsibility under section 3E1.1(a) of the federal Sentencing Guidelines. For the reasons forth below, we affirm.

Under Guidelines § 3E1.1(a), sentencing judges are instructed to reduce a defendant's offense level by two points if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." A plea of guilty does not automatically entitle a defendant to a sentencing reduction under this provision. *Id.* § 3E1.1(c). Rather, a guilty plea constitutes only "significant evidence" of a defendant's acceptance of responsibility. *Id.* § 3E1.1, Commentary, Application Note 3. Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility ... the determination of the sentencing judge is entitled to great deference on review." *Id.* § 3E1.1, Commentary, Application Note 5.

At Woods' sentencing, Chief Judge Telesca relied on three factors to support his conclusion that Woods had not adequately accepted responsibility for what he had done. First, Woods tested positive for cocaine three times during the pre-sentence period after he pleaded guilty. Second,

Woods failed to report to the probation office weekly, instead reporting only once. Third, Woods was involved in an additional crime while on bail for the instant offense.

■ We are doubtful whether the first factor would, standing alone, provide an adequate ground for denying Woods a sentence reduction. Continued drug abuse may well signify addiction and dependence rather than lack of contrition. Nevertheless, we believe that the totality of Woods' post-plea behavior provided an adequate foundation for the sentencing court's skepticism regarding the sincerity of Woods' purported acceptance of responsibility.

■ Woods' reliance on *United States v. Oliveras*, 905 F.2d 623 (2d Cir.1990), is misplaced. In *Oliveras*, we held that a sentencing court may not require a defendant to admit responsibility for crimes other than those to which he had pleaded guilty as a condition of awarding an acceptance of responsibility reduction. Requiring a defendant to admit responsibility "for behavior which he has continued to deny and has not been proved against him beyond a reasonable doubt," we found, would violate his Fifth Amendment right to refuse to incriminate himself. *See id.* at 631; *see also United States v. Santiago*, 906 F.2d 867, 873 (2d Cir.1990) (following *Oliveras*). *Oliveras* does not mean, however, that a court must completely ignore a defendant's other crimes in considering whether the defendant has genuinely accepted responsibility for the conduct for which he has been charged. Certainly, continued involvement in criminal activity casts substantial doubt on the sincerity of a defendant's protestations of contrition, and a court is well within its discretion in considering such involvement in setting a defendant's sentence.[1] What a court may not do, consistent with the Fifth Amendment, is require a defendant to *admit* to criminal behavior as a condition of obtaining a reduction in punishment.

Here, the sentencing court did not require Woods to admit or accept responsibility for any conduct beyond the instant charge. Rather, considering Woods' post-plea behavior, the court chose not to believe that Woods has sincerely accepted responsibility for the crime to which he had pleaded guilty. Under these circumstances, the Fifth Amendment concerns recognized in *Oliveras* were not implicated.

Accordingly, the judgment of the district court is affirmed.

---

1. This is true, however, only if the other crimes have been proven at least by a preponderance of the evidence. *See United States v. Guerra*, 888 F.2d 247, 251 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990).