19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrell STARKS, Defendant-Appellant.
 No. 93-5305.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 At the conclusion of his jury trial in federal court, Defendant-Appellant Terrell Starks was convicted of possessing cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and conspiring to distribute cocaine, in violation of 21 U.S.C. Sec. 846, but was acquitted of carrying a weapon during the commission of a violent felony, in violation of 18 U.S.C. Sec. 924(c). On appeal, Starks challenges only the length of his sentence. Specifically, Starks claims that the district court erred by: (1) enhancing his sentence for use of a gun while selling cocaine; and (2) refusing to reduce his sentence for acceptance of responsibility. Finding no merit in either of these contentions, we affirm the district court's calculation of Starks' sentence.
 
 
 2
 I. POSSESSION OF A FIREARM WHILE SELLING COCAINE
 
 
 3
 A semi-automatic handgun was found, loaded and cocked, protruding out from under the front seat of the Cadillac admittedly used by Starks to deliver cocaine. At trial and on appeal, Starks contends that he was unaware of the presence of the gun in the front seat of the car. The car belonged to Starks' co-conspirator Frank Cross, and Starks claims that the gun also belonged to Cross. Starks' acquittal on the weapons charge indicates that the jury was unable to conclude beyond a reasonable doubt that the gun belonged to Starks, rather than Cross.
 
 
 4
 Notwithstanding Starks' acquittal on the gun charge, the district court increased Starks' sentence under section 2D1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G."). Section 2D1.1(b)(1) provides for sentence enhancement "if a dangerous weapon (including a firearm) was possessed" during the commission of a drug offense. On appeal, Starks continues to deny ever possessing a gun, and he contests the enhancement of his sentence under section 2D1.1(b)(1).
 
 
 5
 We note at the outset that it is constitutionally permissible to enhance Starks' sentence for possession of a gun despite the acquittal on the weapons charge, because the government's burden of proof at sentencing is less heavy than its burden at trial. Of course, the government must prove crimes beyond a reasonable doubt. But sentencing matters are determined by the preponderance of the evidence. As we noted in United States v. Duncan, 918 F.2d 647, 652 (6th Cir.1990), cert. denied, 111 S.Ct. 2055 (1991), "an acquittal on a firearms carrying charge leaves ample room for a district court to find by the preponderance of the evidence that the weapon was possessed during the drug offense." See also United States v. Brown, 946 F.2d 1191, 1198-99 (6th Cir.1991) ("The sentencing judge may find, by a preponderance of the evidence, possession of a weapon during the commission of a crime even if the jury did not so find beyond a reasonable doubt."). To obtain a conviction against Starks, the government needed--and failed--to show a high probability that Starks knew there was a gun in the car. But to obtain a sentence enhancement, the government only had to establish that it is more likely than not that Starks knew there was a gun in the front seat of the car in which he delivered cocaine.
 
 
 6
 We now turn to the question of whether the district court correctly enhanced Starks' sentence for possession of a gun. Since "a district court's finding that a defendant possessed a firearm during a drug crime is a factual finding," the weapons possession enhancement is only subject to reversal if it is "clearly erroneous." Duncan, 918 F.2d at 650.
 
 
 7
 Enhancement under section 2D1.1(b)(1) is appropriate where the government establishes: "(1) that the defendant 'possessed' the weapon, and (2) that such possession was during the commission of the offense." United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991). "Once it is established that a defendant was in possession of a weapon during the commission of an offense, a presumption arises that such possession was connected to the offense." Sanchez, 928 F.2d at 1460. To rebut the government's prima facie case, "[t]he defendant ... may offer evidence to demonstrate that 'it is clearly improbable that the weapon was connected to the offense,' in which case the enhancement would not be applicable." Ibid.
 
 
 8
 Starks does not dispute that a drug offense was committed, or that a loaded gun was found in his delivery vehicle. His argument against enhancement hinges on Cross' purported ownership of the gun. But for sentencing purposes, the possession of a gun by a co-conspirator may be imputed to Starks. As we noted in United States v. Chalkias, 971 F.2d 1206, 1217 (6th Cir.), cert. denied, 113 S.Ct. 351 (1992), "[t]he possession of a gun by one co-conspirator is attributable to another co-conspirator if such possession constitutes reasonably foreseeable conduct." Accordingly, Starks cannot avoid the enhancement for possession of the gun even if we assume that the gun belonged to Cross. We have no doubt that Starks could reasonably foresee that Cross, his partner in drug crime, might use a gun to protect their operation.
 
 II. ACCEPTANCE OF RESPONSIBILITY
 
 9
 Starks seeks a reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a), which provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Starks bears the burden of proving by a preponderance of the evidence that he has accepted responsibility, and the district court's finding that Starks failed to accept responsibility will only be set aside if clearly erroneous. Chalkias, 971 F.2d at 1216.
 
 
 10
 A sentencing court assessing acceptance of responsibility should consider the factors enumerated in the Commentary to section 3E1.1, including whether the defendant "truthfully admit[ted] the conduct comprising the offense of conviction." Sec. 3E1.1, Applic.Note 1(a). The reduction for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Id., Applic.Note 2.
 
 
 11
 The district court denied the reduction for acceptance of responsibility for two reasons: (1) Starks denied at trial that he conspired to distribute cocaine, and (2) Starks continued using cocaine while awaiting trial. The Judge explained:
 
 
 12
 First, the defendant put the government to trial on essential elements related to the conspiracy count, and in doing so denied that he was involved with others in the distribution of cocaine. So that reflects that he has not clearly manifest [sic] an acceptance of responsibility. And it's not because he's being penalized because he exercised his constitutional right. He's entitled to do that. But he's not entitled to acceptance, to credit for acceptance of responsibility if he disputes essential elements of the offense.
 
 
 13
 Further, when this defendant was released following his arrest on these charges, he continued to engage in criminal conduct through the repeated use of cocaine, and I believe the record reflects, and it's unchallenged, that there were eleven positive urine specimens before his bond was revoked and he was taken into pretrial custody. And this is evidence that reflects that the defendant had not voluntarily terminated or withdrawn from criminal conduct or association with those who engaged in criminal conduct.
 
 
 14
 We agree with the district court that a defendant who denies engaging in the conduct of conviction is not entitled to a reduction for acceptance of responsibility. The United States Sentencing Commission has made it clear that the reduction for acceptance of responsibility "is not intended to apply to a defendant who ... den[ies] the essential factual elements of guilt...." Applic.Note 2, supra. Within this framework, Starks' vigorous denial of the conspiracy defies any meaningful acceptance of responsibility. Starks testified in his own defense, admitting that he sold cocaine, but denying participation in a conspiracy. But despite his denials, the jury ultimately found Starks guilty of conspiracy. Accordingly, we conclude that the district court acted well within its discretion in determining that Starks' denial of wrongdoing precludes any reward for acceptance of responsibility.
 
 
 15
 The alternative basis offered by the district court for denying an acceptance of responsibility reduction involves a controversial area of sentencing law. The district court indicated at sentencing that Starks' continued cocaine use belies any acceptance of responsibility. Starks contends that his continued drug use is prompted by addiction, and should not be interpreted as a failure to accept responsibility for his crimes. See United States v. Woods, 927 F.2d 735, 735-36 (4th Cir.1991) ("Continued drug abuse may well signify addiction and dependence rather than lack of contrition.").
 
 
 16
 As this court detailed in United States v. Morrison, 983 F.2d 730, 734-35 (6th Cir.1993), the United States Courts of Appeals are split on what types of post-arrest behavior should be considered in assessing a defendant's acceptance of responsibility. Since we have already concluded that Starks' denial of guilt precludes any reduction for acceptance of responsibility, we need not determine what inference, if any, should be drawn from his continued post-arrest drug abuse.
 
 
 17
 For the foregoing reasons, the judgment of the district court is AFFIRMED.