28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Doug COLEMAN, Defendant-Appellant.
 No. 93-5716.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 12, 1994.
Decided June 9, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-92-220)
 G. Todd Houck, Moler, Staton, Staton & Houck, Mullens, W. Va., for appellant.
 Rebecca A. Betts, U.S. Atty., John C. Parr, Asst. U.S. Atty., Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Doug Coleman entered a guilty plea to conspiracy to distribute and to possess with intent to distribute tylox (oxycodone) and dilaudid (hydromorphone) in violation of 21 U.S.C.A. Sec. 846 (West Supp.1993). He appeals his forty-six-month sentence on the ground that the district court clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1992). We affirm.
 
 
 2
 After Coleman was indicted on the conspiracy charge in federal court, he was released on bond with restrictions, including the condition that he not commit any criminal acts. Subsequently, Coleman was twice arrested and convicted of driving under the influence (DUI) in state court. Just before he was sentenced in federal court, his bond was revoked because of the DUI convictions. The district court found that Coleman's conduct evidenced a lack of the necessary "degree of contrition and remorse," and denied him a reduction for acceptance of responsibility. Relying on United States v. Woods, 927 F.2d 735, 736 (2d Cir.1991), Coleman contends that the court clearly erred because he had fully acknowledged his part in the conspiracy, and the DUI convictions were simply evidence of his dependence on alcohol. He also argues that the denial amounted to a second punishment which was added to the penalty he received in state court.
 
 
 3
 Additional criminal conduct committed by the defendant during the pendency of criminal proceedings may be the basis for a finding that the defendant has not accepted responsibility for the offense of conviction. United States v. Kidd, 12 F.3d 30, 34 (4th Cir.), cert. denied, 62 U.S.L.W. 3705 (U.S. Apr. 26, 1994) (No. 93-8489). The district court has latitude to consider conduct outside the offense of conviction in assessing the sincerity of the defendant's acceptance of responsibility. United States v. Choate, 12 F.3d 1318, 1320 (4th Cir.1993), petition for cert. filed, No. 93-8468 (U.S. March 23, 1994). Conduct unrelated to the offense of conviction, such as Coleman's DUI convictions, may call into question the defendant's expression of remorse for the offense of conviction. See United States v. O'Neil, 936 F.2d 599, 601-02 (1st Cir.1991); see also United States v. Pace, 17 F.3d 341 (11th Cir.1994); United States v. Watkins, 911 F.2d 983, 985 (5th Cir.1990); but see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir.1993) (conduct unrelated to offense of conviction may not be considered under U.S.S.G. Sec. 3E1.1). After careful review of the record on appeal, we find that the district court's denial of an adjustment for acceptance of responsibility was not clearly erroneous.
 
 
 4
 We find no merit in Coleman's second argument--that the denial of the adjustment was a second penalty for the DUI offenses. A denial of the acceptance of responsibility adjustment is not a penalty. United States v. Frazier, 971 F.2d 1076, 1087 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3480 (U.S.1993).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED