IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20464
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PAUL PURCELL,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-809-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Paul Purcell challenges the district court's denial of a
U.S.S.G. § 3E1.1 reduction for acceptance of responsibility.
Purcell entered a guilty plea to a charge of being a felon in
possession of a firearm.  The district court sentenced him to
100 months' imprisonment and three years' supervised release.

    Purcell contends that he timely and willingly accepted
responsibility for the instant offense.  He asserts that the

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.S.G. § 3E1.1 determination whether a defendant accepted responsibility should be limited to the offense of conviction and to conduct related to the offense of conviction. Purcell concedes that his argument is foreclosed by our opinion in United States v. Watkins, 911 F.2d 983, 985 (5th Cir. 1990), and that he raises the issue only to preserve it for Supreme Court review.

In Watkins, we rejected the precise argument that Purcell now asserts and held that the application note to U.S.S.G. § 3E1.1 was "phrased in general terms and does not specify that the defendant need only refrain from criminal conduct associated with the offense of conviction in order to qualify for the reduction." 911 F.2d at 985. Absent en banc reconsideration or a superseding contrary decision of the Supreme Court, one panel may not overrule the decision of a prior panel. United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993). Accordingly, the judgment of the district court is AFFIRMED.