**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-40650
Conference Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DARRELL JERMAINE LONG,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-626-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Darrell Jermaine Long appeals the sentence he received following his guilty-plea conviction for transporting aliens for financial gain, in violation of 8 U.S.C. § 1324.  He challenges the district court's denial of a U.S.S.G. § 3E1.1 reduction for acceptance of responsibility.

        The district court denied the § 3E1.1 reduction because, after pleading guilty and while on pretrial release in the

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instant case, Long pleaded guilty to fraud charges in Georgia and was sentenced to two years' imprisonment. Long contends that this was error, urging that, pursuant to § 3E1.1 (n.1(b)), the determination whether a defendant accepted responsibility should be limited to the offense of conviction and to conduct related to the offense of conviction.

Long concedes that his argument is foreclosed by our opinion in United States v. Watkins, 911 F.2d 983, 985 (5th Cir. 1990). In Watkins, we rejected the precise argument that Long now asserts and held that the application note to § 3E1.1 was "phrased in general terms and does not specify that the defendant need only refrain from criminal conduct associated with the offense of conviction in order to qualify for the reduction." Id. One panel of this court may not ignore or overrule a prior panel decision. See United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999). Accordingly, the judgment of the district court is AFFIRMED.