United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-51557
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

MICHAEL LUONG,

Defendant-

Appellant.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-88-2
--------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

   Michael Luong was convicted of one count of conspiracy to possess 100 kilograms or more of marijuana with intent to distribute and one count of money laundering. The district court sentenced him to serve 292 months in prison on the former charge and 240 months on the latter charge. Luong now appeals his sentence.

-----

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Luong argues that the sentencing procedures violated his rights under the Indictment Clause and that this court's jurisprudence following *United States v. Booker*, 543 U.S. 220 (2005), has effectively rendered the Guidelines mandatory. Luong has not shown plain error with respect to these arguments. *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732-33 (5th Cir.), *cert. denied*, 126 S. Ct. 267 (2005). Luong's arguments concerning the Ex Post Facto and Confrontation Clauses are, as he concedes, foreclosed. *See United States v. Scroggins*, 411 F.3d 572, 575-76 (5th Cir. 2005); *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999).

Luong presented no evidence to rebut the facts contained in the PSR and has failed to show that the district court plainly erred by relying on those facts to determine his relevant conduct at sentencing. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006); *United States v. Betancourt*, 422 F.3d 240, 248 (5th Cir. 2005). Luong's use of marijuana betwixt rearraignment and sentencing provides a sufficient foundation for the district court's denial of his requested adjustment for acceptance of responsibility. *See United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002); *United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). Luong has shown no error in relation to the district court's imposition of an adjustment to the offense level for his money laundering offense, as his sentence for this offense was within statutory limits. *See Valenzuela-Quevedo*, 407 F.3d at 732-33.

The judgment of the district court is AFFIRMED.