IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-10510
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LEE WAYNE HUCKABEE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CR-53-3

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lee Wayne Huckabee appeals the sentence imposed following his guilty-plea conviction for maintaining drug-involved premises and aiding and abetting. See 21 U.S.C. § 856(a)(2), 18 U.S.C. § 2. He argues that the district court erred by denying him an acceptance of responsibility reduction to his offense level under U.S.S.G. § 3E1.1 (2007). The district court denied the downward adjustment because of Huckabee's use of drugs while on pretrial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release. The district court's determination that Huckabee's drug use was inconsistent with the acceptance of responsibility is not without foundation and not error, plain or otherwise. See United States v. Juarez-Duarte, 513 F.3d 204, 211 (5th Cir.), cert. denied, 128 S. Ct. 2452 (2008); United States v. Watkins, 911 F.2d 983, 984-85 (5th Cir. 1990).

Huckabee argues that his trial counsel provided him with ineffective assistance because counsel did not object to the presentence investigation report or the lack of a level reduction for acceptance of responsibility. The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Huckabee's argument is not reviewable on direct appeal in this case because the record is not sufficiently developed on the issue. We decline to address this claim of ineffective assistance on direct appeal without prejudice to Huckabee's right to bring it in a 28 U.S.C. § 2255 proceeding. See United States v. Gulley, 526 F.3d 809, 821 (5th Cir.), cert. denied, 129 S. Ct. 159 (2008).

For these reasons, the judgment of the district court is AFFIRMED. The Government's motion to supplement the record is GRANTED.