# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2010

No. 09-50583
c/w No. 09-50584
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ISABEL DIAZ-GONZALEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-705-2
USDC No. 2:08-CR-710-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Isabel Diaz-Gonzalez pleaded guilty in 2007 to conspiracy to illegally transport aliens in violation of 8 U.S.C. § 1324 and was sentenced to 10 months in prison and a three-year term of supervised release. He did not appeal. His term of supervised release began on June 5, 2008. Three weeks later, he illegally reentered the United States in violation of 8 U.S.C. § 1326. He pleaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty to the illegal reentry offense and was sentenced to 52 months of imprisonment and a three-year term of supervised release. Diaz-Gonzalez's supervised release in the alien-smuggling case was revoked, and he was sentenced to 10 months of imprisonment. No further term of supervised release was imposed.

Diaz-Gonzalez appeals his 52-month sentence following his illegal reentry conviction. He argues that the district court erred in denying him a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), that the district court failed to address his argument that the prison disciplinary proceedings upon which the denial of the adjustment was based violated his due process rights, and that the resulting 52-month sentence was substantively unreasonable. He also appeals the original three-year term of supervised release that was imposed in the alien-smuggling case.

Following *United States v. Booker*, 453 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

In determining whether a reduction under § 3E1.1(a) applies, the district court may consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." § 3E1.1, comment. (n.1(b)); *cf. United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). The district court's refusal to grant a reduction for acceptance of responsibility is reviewed "with even greater deference" than clear error review. *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007).

We conclude that the district court's factual finding was plausible in light of the record as a whole. *See United States v. Betancourt,* 422 F.3d 240, 246 (5th Cir. 2005). The district court's denial of the adjustment was not "without foundation" as the victim of the assault identified Diaz-Gonzalez as one of his assailants. The district court, thus, did not clearly err in denying the adjustment for acceptance of responsibility under § 3E1.1. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

Further, the district court imposed a *below* guidelines sentence after using the guidelines sentencing range as a benchmark and then considering all of the sentencing factors set forth in § 3553(a). Diaz-Gonzalez has failed to show that the resulting 52-month sentence is substantively unreasonable or greater than necessary to satisfy the sentencing factors set forth in § 3553(a).

Diaz-Gonzalez has also failed to show that the district court erred in failing to address whether the prison disciplinary proceeding violated his due process rights since any such challenge must be brought in a collateral proceeding.

He also challenges the original three-year term of supervised release. Even assuming that he has not waived his challenge to his original term of supervised release by failing to timely appeal that sentence, he has failed to demonstrate that the district court plainly erred in imposing the three-year term of supervised release. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *see* § 1324(a)(1)(A)(v)(I), (B)(I); 18 U.S.C. §§ 3583(a),(b)(2), 3559(a)(3); U.S.S.G. § 5D1.2(a)(2).

Finally, we note that Diaz-Gonzalez does not challenge the grounds for the revocation of supervised release or allege any error with respect to the sentence imposed upon revocation or the term of supervised release imposed in the illegal reentry case.

Accordingly, the judgments of the district court is AFFIRMED.