# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40114
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS MORALES, also known as El Patron,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-549-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Luis Morales appeals the 120-month sentence he received following his guilty-plea conviction for conspiracy to illegally transport aliens in violation of 8 U.S.C. § 1324. Morales argues that (i) the district court erred by enhancing his sentence pursuant to (a) U.S.S.G. § 2L1.1(b)(2)(B) based on a finding that he was accountable for transporting between 25 and 99 aliens and (b) U.S.S.G. § 2L1.1(b)(6) based on a finding that his offense involved a substantial risk of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bodily injury and (ii) the district court's denial of a three-level adjustment pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility was without foundation.

The calculation of the number of illegal aliens involved in an offense is a finding of fact that we review for clear error. *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010). A factual finding that is plausible in light of the record as a whole is not clearly erroneous and will be upheld. *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

Our review of the record shows that the district court's finding concerning the number of aliens involved with Morales's offense is plausible and thus not clearly erroneous. *See Alaniz*, 726 F.3d at 618. The PSR's recitation of facts, which was not rebutted by Morales and which was adopted by the district court, supports the disputed finding and shows that it is plausible that the offense involved at least 25 aliens. *See Alaniz*, 726 F.3d at 618. Morales has not shown clear error in connection with the district court's finding concerning the number of aliens involved with his offense.

We also review the district court's fact findings relative to the imposition of a § 2L1.1(b)(6) enhancement for clear error. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). The transportation of aliens in the trunk of a vehicle is specifically listed in the comments to § 2L1.1(b)(6) as the type of conduct contemplated by the Sentencing Commission in drafting the guideline provision. § 2L1.1, comment. (n.3); *see United States v. Mateo-Garza*, 541 F.3d 290, 294 (5th Cir. 2008) (stating that transporting persons in a trunk or engine compartment of a vehicle per se creates a substantial risk of serious injury or death because those areas are not designed to hold human passengers). Accordingly, the district court did not err by enhancing Morales's sentence

No. 17-40114

based on its finding that his offense involved transporting aliens in the trunk of a vehicle.

We review a district court's refusal to grant a reduction in an offense level for acceptance of responsibility "with even greater deference" than clear error review. *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). We will not reverse a denial of a reduction under § 3E.1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

In determining whether a reduction under § 3E1.1 applies, the district court may consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." § 3E1.1, comment. (n.1(B)); *cf. United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). The district court's denial of a § 3E1.1 adjustment was not without foundation, as it was based on the district court's plausible finding that, after his arrest and while in custody, Morales continued to engage in conduct in violation of law and prison rules when he set fire to a mattress and blanket, possessed a shank and razor, and attempted to start a second fire.

Accordingly, the judgment of the district court is AFFIRMED.