17-3489-cr
*United States v. Jian Guo Cheng*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand nineteen.

PRESENT:  BARRINGTON D. PARKER,
          DENNY CHIN,
          RICHARD J. SULLIVAN,
                  *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                      17-3489-cr

JIAN GUO CHENG,

        *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR APPELLEE: | MARIA CRUZ MELENDEZ, Assistant United States Attorney (David C. James, Nadia E. Moore, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York. |
| FOR DEFENDANT-APPELLANT: | MEGAN WOLFE BENETT, Kreindler & Kreindler LLP, New York, New York. |

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Jian Guo Cheng appeals from his sentence of 68 months' imprisonment following a guilty plea to conspiring to participate in the use of extortionate means to collect and attempt to collect an extension of credit, in violation of 18 U.S.C. § 894(a)(1). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On December 15, 2015, Immigration and Customs Enforcement ("ICE") agents detained Cheng, a citizen of the People's Republic of China, in connection with his 2011 extortion conspiracy convictions and subsequently placed him in removal proceedings. On the same day, the government separately arrested a few of Cheng's criminal associates, charging them, *inter alia*, with participating in a racketeering organization. While challenging his removability, Cheng met with the government to provide information about his criminal associates in an effort to avoid deportation. On May 23, 2016, pursuant to a cooperation agreement, Cheng pleaded guilty to a one-count information charging him with conspiracy to engage in the extortionate collection of credit; specifically, Cheng admitted to participating in a May 2013 assault during which Cheng and his criminal associates punched and kicked John Doe 3, who was later hospitalized, in connection with a gambling debt. As a condition of the cooperation

agreement, Cheng also stipulated that he participated in a second extortion scheme in which he physically threatened an individual in an effort to collect on a separate gambling debt. In June 2016, about two weeks after his plea, Cheng was released from immigration custody on bail.

On November 24, 2016, while on bail and cooperating with the government, Cheng was arrested for assault in the third degree, menacing in the third degree, and harassment in the second degree, arising from a physical altercation between Cheng and two men after Cheng berated and shoved the mother of a testifying witness in the trial of one of Cheng's criminal associates. Intercepted communications from September 2016 also revealed that Cheng had been participating in the management of an illegal gambling parlor during this time. As a result of Cheng's post-plea misconduct, the government revoked the cooperation agreement, but Cheng did not withdraw his guilty plea.

Prior to sentencing, Cheng objected to the Guidelines calculation set forth in the presentence report, which included a two-level increase for the "bodily injury" inflicted upon John Doe 3 during the May 2013 assault, and the denial of a three-level decrease for acceptance of responsibility. Cheng also argued that he was entitled to sentencing credit for (1) his six-month detention in immigration custody and (2) his cooperation, including the assistance he provided prior to his 2015 arrest. After reviewing the parties' submissions and the evidence presented during a two-day *Fatico* hearing, the district court overruled Cheng's objections to the two adjustments and

declined to credit his cooperation or the time spent in immigration custody.  The district court imposed a within-Guidelines sentence of 68 months' imprisonment.

On appeal, Cheng challenges the procedural and substantive reasonableness of his sentence, which we review under a deferential abuse of discretion standard.  *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).  We review a district court's interpretation and application of the Guidelines *de novo, United States v. Kent*, 821 F.3d 362, 368 (2d Cir. 2016), and factual findings for clear error, *see United States v. Mulder*, 273 F.3d 91, 116 (2d Cir. 2001).  "The [g]overnment bears the burden of proving the facts supporting the application of a Guidelines provision, and it must do so by a preponderance of evidence." *Kent*, 821 F.3d at 368.  "Under clear error review, we uphold findings of fact that are plausible in light of the record viewed in its entirety." *United States v. Gonzalez*, 764 F.3d 159, 165 (2d Cir. 2014) (internal quotation marks omitted).

## I.   Procedural Reasonableness

A district court procedurally errs when it fails to consider the factors outlined in 18 U.S.C. § 3553(a) or "rests its sentence on a clearly erroneous finding of fact." *Cavera,* 550 F.3d at 190.  Unless the record suggests otherwise, however, "we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted).

Cheng challenges the procedural reasonableness of his sentence on four grounds. First, he argues that the district court failed to consider his cooperation prior to his 2015 detention. This argument is meritless. The record demonstrates that at sentencing, the parties and the district court thoroughly discussed Cheng's efforts to assist ICE and the government. The district court took Cheng's efforts to cooperate into account, and, as discussed further below, its decision not to grant Cheng a reduction below the Guidelines range was not unreasonable under the circumstances.

Second, Cheng contends that the district court erred procedurally by not granting him a two-level downward adjustment for acceptance of responsibility.[1] It is well established that a guilty plea "does not automatically entitle a defendant to a sentencing reduction" under U.S.S.G. § 3E1.1, *United States v. Woods*, 927 F.2d 735, 735 (2d Cir. 1991) (per curiam), and a sentencing court's determination as to whether a defendant has accepted responsibility for his offense is accorded "great deference," U.S.S.G. § 3E1.1 cmt. n.5. Here, the district court's decision to deny Cheng acceptance-of-responsibility credit was not without foundation. It is undisputed that Cheng continued to operate a gambling parlor and associate with his criminal associates after pleading guilty. Additionally, after the *Fatico* hearing, the district court found that Cheng engaged in assaultive behavior in the November 2016 altercation. Moreover,

---

[1] Although Cheng initially argued entitlement to a three-point reduction for acceptance of responsibility, he ultimately conceded that he is not entitled to the third point as the government did not file a motion pursuant to U.S.S.G. § 3E1.1(b).

nothing in the record suggests that the district court misunderstood its authority to depart downward despite its findings as to Cheng's continued criminal conduct while released on bail. Accordingly, we conclude that the district court acted well within its discretion in denying Cheng any reduction for acceptance of responsibility in light of his post-plea misconduct.

Third, Cheng asserts that the district court erroneously applied a two-level enhancement pursuant to U.S.S.G. § 2E2.1 based on the bodily injury suffered by John Doe 3 during the May 2013 assault. U.S.S.G. § 2E2.1(b)(2)(A) provides for an increase in a defendant's offense level if a victim sustained significant injury, such as "an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 cmt. n.1(B). We conclude that the district court's factual findings were amply supported by the evidence introduced at the *Fatico* hearing as well as John Doe 3's medical records -- most notably, the medical record's documentation of blood found inside John Doe 3's mouth and boot marks on his body.

Finally, Cheng argues that he should have been afforded a downward departure for the six months he served in immigration custody pre-indictment because his detention was considered "official detention" under the sentencing credit statute, 18 U.S.C. § 3585. In relevant part, Section 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences." The U.S. Bureau of Prisons Program Statement 5880.28, however, explicitly excludes time spent in the custody of

the U.S. Immigration and Naturalization Service "pending a final determination of deportability" from the definition of "official detention."  BOP P.S. 5880.28, 1-15A. Cheng urges us to adopt the reasoning in *Zavala v. Ives*, which held that a defendant is entitled to credit toward his criminal sentence for any period spent in immigration detention pending potential criminal prosecution -- as opposed to pending deportation. 785 F.3d 367, 377 (9th Cir. 2015).  His reliance on *Zavala*, however, is misplaced, as he conceded that he was detained during this period because he was challenging his deportation determination.  Cheng's cooperation with the government as a way to prevent his removal did not convert his status from pending deportation to pending potential criminal prosecution.  Thus, the district court did not commit procedural error by denying sentencing credit for Cheng's six-month period in immigration custody.

## II.    Substantive Reasonableness

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions."  *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).  Accordingly, we will set aside sentencing decisions only in "exceptional cases," as we will not substitute our judgment for that of the district court.  *Id.*

Cheng submits that the district court substantively erred by failing to adequately account for his cooperation.  We disagree.  The district court expressly evaluated Cheng's assistance, noting his efforts to cooperate "could have well benefited him" and that it would have been "inclined to give [Cheng] some consideration for [it]."

App'x at 353-54.  It also weighed the other mitigating factors cited by Cheng, including his elderly parents and young children who all currently reside in the United States. Nonetheless, the district court concluded that his continued participation in extortionate gambling activities warranted a within-Guidelines sentence.  Therefore, in light of all the circumstances presented, we conclude that the district court's sentence was substantively reasonable.

*     *     *

We have considered Cheng's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk