# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2020

Lyle W. Cayce
Clerk

No. 19-41063
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mack Hinojosa,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-669-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Mack Hinojosa appeals the 84-month sentence imposed following his guilty plea conviction for possession of a firearm and ammunition by a convicted felon. He argues that the district court erred by denying his request

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for a three-level reduction for acceptance of responsibility under § 3E1.1(a)–(b) of the United States Sentencing Guidelines.

We review a district court's refusal to grant an offense-level reduction for acceptance of responsibility "with even greater deference" than clear error review. *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). This Court will not reverse a denial of a reduction under § 3E1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

In determining whether a reduction under § 3E1.1 applies, the district court may consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(B) (U.S. Sentencing Comm'n 2018); *cf. United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). Here, the district court's denial of a § 3E1.1 reduction was not without foundation because it was based on the district court's finding that, after his guilty plea and while in custody, Hinojosa engaged in conduct in violation of the law and prison rules when he struck, or attempted to strike, a correctional officer. *See Juarez-Duarte*, 513 F.3d at 208, 211.

The district court's judgment is AFFIRMED.