# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2022

Lyle W. Cayce
Clerk

No. 21-50543
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TANNER LANCE KING,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-330-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Tanner Lance King pleaded guilty to possessing 50 grams or more of actual methamphetamine with the intent to distribute. King was not given a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility because he was repeatedly found with contraband while in detention. As a result, his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

guidelines range was 210 to 262 months of imprisonment. He was sentenced within that range to 262 months of imprisonment. He argues that the district court erred by denying him a reduction for acceptance of responsibility. He also argues that his 262-month sentence is substantively unreasonable.

There is no dispute that King truthfully admitted his criminal drug conduct and pleaded guilty; the issue is whether the district court reversibly erred by determining that King was not entitled to a reduction for acceptance of responsibility based on his post-plea conduct while in custody. A defendant is not entitled to a reduction for acceptance of responsibility merely because he truthfully admits his criminal conduct and pleads guilty. *See United States v. Hinojosa-Almance*, 977 F.3d 407, 410 (5th Cir. 2020). Evidence of a defendant's acceptance of responsibility may be outweighed by conduct inconsistent with such a claim of responsibility. § 3E1.1, comment. (n.3). In determining whether a reduction under § 3E1.1(a) applies, the district court may consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." § 3E1.1, comment. (n.1(b)); *cf. United States v. Watkins*, 911 F.2d 983, 985 (5th Cir.1990).

"A district court's refusal to reduce a sentence for acceptance of responsibility is reviewed under a standard even more deferential than a pure clearly erroneous standard." *United States v. Najera*, 915 F.3d 997, 1002 (5th Cir. 2019) (internal quotation marks and citation omitted). We will not reverse the district court's decision to deny a reduction for acceptance of responsibility unless the decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

The record in this case does not demonstrate that the district court's decision to deny a § 3E1.1 reduction—based on King's possession of contraband on two separate occasions—was "without foundation." *Id.*; *see Watkins*, 911 F.2d at 985; § 3E1.1, comment. (n.1(B)). Accordingly, the

district court did not reversibly err by denying King an adjustment under § 3E1.1.

King also argues that his 262-month sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and fails to adequately account for his personal history of substance abuse. Because King has preserved his challenge to the substantive reasonableness of his sentence, *see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-77 (2020), we review the issue under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007). The district court sentenced King within guidelines range, so the sentence is entitled to a rebuttable presumption of reasonableness on appeal. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).

King has not rebutted that presumption. He has not shown that his sentence fails to account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court made an individualized assessment based on the facts of King's case, including his struggle with addiction, and the § 3553(a) factors, and provided lengthy reasons for imposing the chosen sentence. Even if we reasonably could conclude that a different sentence was proper, the district court's well-supported sentencing decision is entitled to deference, and we will not reweigh the § 3553(a) factors. *See Gall*, 552 U.S. at 50-51.

The judgment is AFFIRMED.