# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2025

Lyle W. Cayce
Clerk

No. 24-40067
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Kimondra Damon Skyler,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-58-2

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Kimondra Damon Skyler pleaded guilty to conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He was sentenced to 108 months

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of imprisonment for Count One, a mandatory consecutive sentence of 84 months of imprisonment for Count Four, and a total of five years of supervised release.

Skyler first argues that his plea was not knowing and voluntary because the recitation of the elements of the offense at rearraignment failed to address the conspiracy element. As he concedes, because he did not object on this basis in the district court, plain error review applies. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Both the substantive offense of robbery and the offense of conspiracy to commit robbery are found in the same statute and carry the same statutory sentencing range. *See* 18 U.S.C. § 1951(a). Skyler also was advised multiple times that he had been charged with conspiracy to commit robbery and, when asked to describe his offense in his own words, he stated he had "committed a robbery with my coconspirators." Skyler has not alleged, much less shown, that, but for the error, he would not have entered his plea or that the error affected his substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Next, Skyler argues that the factual basis failed to establish the conspiracy and interstate commerce elements of the offense. Again, because he failed to object on this basis in the district court, we review for plain error. Under plain error review, we may consult the entire record for facts to support his conviction. *See United States v. Ortiz*, 927 F.3d 868, 872-73 (5th Cir. 2019). Because of the methods used to commit the robberies, we conclude that it can be inferred that Skyler agreed with at least one other person to commit them. As for interstate commerce, as Skyler concedes, this court's caselaw requires only a de minimis effect be shown. *See United States v. Mann*, 493 F.3d 484, 495 (5th Cir. 2007); *United States v. Robinson*, 119 F.3d 1205, 1212 (5th Cir. 1997). Based on the evidence in the record, Skyler

has not shown the district court plainly erred in finding a sufficient factual basis. *See United States v. Jackson*, 88 F.4th 596, 601-02 (5th Cir. 2023).

Finally, Skyler argues that the Government breached a promise in the plea agreement to seek the full three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Although Skyler argued in favor of the reduction at sentencing, he did not argue that the Government had breached the plea agreement; thus, we review for plain error. The plea agreement provided that the Government's stipulation was subject to the recommendation of the probation officer and that, if circumstances showing he had not accepted responsibility became known later, the stipulation was void. Thus, unlike in *United States v. Malmquist*, 92 F.4th 555 (5th Cir. 2024), the Government did not guarantee he would receive such a reduction. As Skyler acknowledges, we have repeatedly concluded that conduct while in detention is a valid basis for finding a defendant has failed to withdraw from criminal conduct and, thus, that he has not accepted responsibility. *See United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). We conclude that Skyler has not shown plain error.

AFFIRMED.