[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10414
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00091-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BAHRAM KHANALI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 29, 2009)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Bharam Khanali, a chiropractor licensed to practice in Florida, appeals from his 60-month sentence imposed after pleading guilty to one count of conspiracy to commit health care fraud, 18 U.S.C. §§ 371 & 1347.  On appeal, Khanali argues

that: (1) the district court erred in denying an acceptance of responsibility sentence reduction; and (2) his sentence is unreasonable. After careful review, we affirm.

We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, we reject Khanali's claim that the district court erred in denying him an acceptance of responsibility sentence reduction. Section 3E1.1 of the Sentencing Guidelines permits a district court to give a defendant a sentence reduction if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). However, "[a] defendant who enters a guilty plea is not entitled to an adjustment . . . as a matter of right." U.S.S.G. § 3E1.1 cmt. n.3. While a guilty plea constitutes significant evidence of acceptance of responsibility, that evidence may be outweighed by conduct that is inconsistent with acceptance. United States v. Lewis, 115 F.3d 1531, 1537 (11th Cir. 1997). Appropriate considerations include the defendant's "voluntary termination or withdrawal from criminal conduct." U.S.S.G. § 3E1.1 cmt. n.1(b). We previously

2

have held that subsequent criminal activity may be considered, even if unrelated to the offense of conviction. United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994).

Like the defendant in Pace, Khanali tested positive for marijuana in violation of his bond terms, and although this criminal conduct was unrelated to the offense of conviction, it nonetheless could be considered. Id. The district court thus did not clearly err in denying Khanali an acceptance of responsibility reduction.

We also find no merit in Khanali's argument that his sentence was unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted). We ordinarily expect that a sentence within the advisory guidelines range will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). While the district court must consider the § 3553(a) factors, it is not required to discuss each individually. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The district court must merely acknowledge "that it has considered the defendant's arguments and the [§ 3553(a)] factors." Id.

As applied here, Khanali has not shown that his 60-month sentence is procedurally reasonable. Regarding Khanali's argument that the loss amount calculated in the PSI was unsupported, Khanali agreed to the loss amount below, and his argument on appeal therefore must be rejected as invited error. See United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.") (quotations omitted). Moreover, contrary to

4

Khanali's claim, the district court did not consider Hernandez's PSI when it imposed Khanali's sentence; it stated that it was "not including facts necessarily" and did not mention any such facts while imposing the sentence. Lastly, the district court acknowledged the nature of the offense, the sentencing Guidelines, the statements by Khanali and his family, and the seriousness of the crime. The record thus shows that the district court considered the factors in § 3553(a), and its failure to explicitly discuss each factor does not render the sentence procedurally unreasonable. Talley, 431 F.3d at 786.

Similarly, Khanali has not shown that his sentence, within the Guidelines range, is substantively unreasonable. As the district court found, the offense in question is a serious offense involving over a million dollars in healthcare fraud. The district court discussed the impact of such fraud on society. The district court also took into account Khanali's background and character, as well as his family. And while it chose to give more weight to the seriousness of the offense, which is within the district court's discretion, we will not substitute our own judgment in weighing the factors. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

**AFFIRMED.**