[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-11788
Non-Argument Calendar

_____

D. C. Docket No. 08-00271-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO MONTAS,
a.k.a. Gilberto Montes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 19, 2010)

Before EDMONDSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Gilbert Montas appeals his 78-month sentence for conspiracy to possess

with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). After review, we affirm.

## I. BACKGROUND

Montas pled guilty on October 28, 2008. The Presentence Investigation Report ("PSI") recommended an advisory guidelines range of 63 to 78 months' imprisonment, based on a total offense level of 26 and a criminal history category of I. The PSI stated, inter alia, that Montas should not receive an offense level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, because Montas was arrested for a new felony offense on March 7, 2009.

Montas objected, arguing that he should receive a two-level reduction for acceptance of responsibility because he was innocent of the new charge. In an addendum to the PSI, the probation officer responded that she had reviewed the arrest affidavit and spoken with jail officials regarding the arrest. The addendum indicated that there were two female witnesses to the alleged new offense and that the government planned to present evidence about that alleged offense at the sentencing hearing. The addendum advised that, if Montas testified at the sentencing hearing, his testimony needed to be truthful or he risked a two-level increase in his federal offense level, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice.

2

At the sentencing hearing, the government presented several witnesses who testified about an incident that occurred in the visitation center at the Pinellas County Jail, where Montas was housed. Catherine Stroud testified that on March 7, 2009, she, her mother and her 14-year-old sister, Michelle Schuette, were visiting her brother at the jail when an inmate (whom she identified as Montas) called her sister over to the phone in his booth. Stroud told her sister to ignore him. Then, Montas "went off to the side and started to masturbate in front of the camera." Susan Kresin, a detention deputy at the visitation center, testified that the mother of a young girl approached her and said that she wanted to press charges against an inmate (later identified as Montas with the use of jail photographs) because he had exposed himself.

Deputy Jeffrey Martin, who was called to the jail to investigate, testified that Michelle Schuette and her sister both told him that Montas had exposed himself while Montas was in a visitation booth next to where the girls were sitting. The girls indicated that Montas removed his penis from his pants and began masturbating. After advising Montas of his <u>Miranda</u> rights, Deputy Martin discussed the allegations with Montas. Initially, Montas smiled and "shook" his head in an affirmative manner. But, when Martin stated that the girl was 14 years old, Montas stopped, said it was not him and explained that he thought Martin was

3

referring to a conversation Montas had just had with his wife about sex.

At the same sentencing hearing, Montas testified under oath and denied masturbating on that day or telling Deputy Martin that he had done so. Montas said he spoke little English and that he never intended to confess to Martin that he had done anything other than talk to his wife about sex.

In rebuttal, the government called Michelle Schuette. Schuette testified that Montas "expose[d] himself to her" while she was at the jail with her mother and sister. Schuette said that Montas pulled his penis out of his pants and masturbated. Schuette was shown pictures of two men who were in the booth around the same time, and she thought both looked like the man who exposed himself to her. However, Schuette stated that she now was sure Montas was the man she saw masturbating.

At the close of the evidence, Montas conceded that, under binding precedent, the district court had the discretion to deny him the acceptance of responsibility reduction for unrelated criminal conduct, but asked the court not to do so. Montas argued that the government had not proved by a preponderance of the evidence that Montas was the inmate who had engaged in the illegal conduct.

The district court found that the testimony of Catherine Stroud, Michelle Schuette and Deputy Martin was credible and that Montas in fact had done what he

4

was accused of doing. The district court concluded that Montas was not entitled to the acceptance of responsibility reduction, although the court stated that it would still consider Montas's acceptance under the 18 U.S.C. § 3553(a) factors. Further, the district court found that Montas willfully had testified falsely at the sentencing hearing and, therefore, imposed a two-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. With an adjusted offense level of 28 and a criminal history category of I, the district court calculated an advisory guidelines range of 78 to 97 months' imprisonment.

Montas's counsel asked the court to impose a 78-month sentence in light of the fact that Montas: (1) had pled guilty; (2) would probably be deported to the Dominican Republic; (3) had a wife and children in the United States; and (4) recently had been the victim of a home invasion robbery during which he was shot in the stomach. Montas also personally addressed the district court and again denied that he had engaged in the sexual exposure at the jail.

The district court stated that it had considered; (1) the 3553(a) factors; (2) Montas's background and characteristics in particular; (3) that Montas had accepted responsibility for his federal charge; and (4) Montas was subject to deportation, which was likely to occur. Noting that "[t]he sentence should promote respect for the law, deter others and protect the public," the district court stated that

the obstruction of justice enhancement and the loss of the acceptance of responsibility reduction were "unfortunate," but were "consequences of acts this defendant has engaged in." The district court imposed a 78-month sentence. Montas filed this appeal challenging his sentence.

## II.  DISCUSSION

### A.     Acceptance of Responsibility

Montas first challenges the district court's denial of an offense level reduction for acceptance of responsibility.[1]  A defendant is entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  The defendant bears the burden to show he is entitled to an acceptance of responsibility reduction.  United States v. Lewis, 115 F.3d 1531, 1537 (11th Cir. 1997).  Although a guilty plea "will constitute significant evidence of acceptance of responsibility," it can be "outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."  U.S.S.G. § 3E1.1 cmt. n.3.  A district court may consider subsequent criminal conduct that is unrelated to the offense of conviction in

---

[1]We review a district court's factual findings concerning acceptance of responsibility for clear error.  United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005).  "A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility."  United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999).

deciding whether to give a reduction for acceptance of responsibility. United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994) (upholding district court's denial of acceptance of responsibility reduction based on defendant's subsequent marijuana use unrelated to his conviction for making false statements to the government).

Here, the district court denied Montas a two-level reduction for acceptance of responsibility because Montas engaged in further criminal conduct by exposing himself to a minor at the Pinellas County Jail visitation center. Under our precedent, the district court was authorized to consider this criminal conduct even though it is unrelated to Montas's offense of conviction. We find unpersuasive Montas's argument that his subsequent criminal conduct should not count against him because it was sexual in nature and reflected "a sexually troubled individual" without the requisite mental state. Montas has not shown clear error in the district court's decision to deny the acceptance of responsibility reduction.

## B. Obstruction of Justice

Montas next challenges the district court's obstruction-of-justice enhancement.[2] Under U.S.S.G. § 3C1.1, a defendant's offense level is increased

---

[2]We review for clear error the district court's findings of fact necessary for an obstruction of justice enhancement based upon perjury, giving great deference to the credibility determinations of the district court. United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002).

by two levels if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and "the obstructive conduct related to" the offense of conviction, relevant conduct or a closely related offense. U.S.S.G. § 3C1.1. The § 3C1.1 enhancement applies if a defendant commits perjury or provides materially false information to a judge or magistrate. U.S.S.G. § 3C1.1 cmt. n.4(b), (f). For purposes of applying this enhancement, perjury is defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Bradberry, 466 F.3d 1249, 1254 (11th Cir. 2006) (quotation marks omitted).

The district court did not clearly err in finding that Montas perjured himself at the sentencing hearing. Although Montas testified that he did not engage in any act of sexual misconduct while at the Pinellas County Jail, the district court credited the contradictory testimony from two eyewitnesses and concluded that Montas's testimony was false. We defer to the district court's credibility findings. See Singh, 291 F.3d at 763.

Further, Montas's perjured testimony was material to the issues being determined by the sentencing judge, that is, the calculation of Montas's advisory

8

guidelines range and, more specifically, whether Montas should be given an acceptance of responsibility reduction. And, in light of the facts that Montas knew his testimony at the hearing was under oath and that his testimony directly contradicted the testimony of two eye-witnesses, the district court did not clearly err in finding that Montas's presentation of the material false testimony was deliberate, rather than the result of mistake, confusion or faulty memory. Accordingly, the district court did not err in applying the two-level obstruction of justice enhancement.

## C.     Procedural Reasonableness

We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error, such as improperly calculating the guidelines range, failing to consider the § 3553(a) factors or failing to adequately explain the chosen sentence. Id.[3] If there is no procedural error, we look at whether the sentence is substantively reasonable

---

[3]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

under the totality of the circumstances. Id. The party challenging the sentence bears the burden to show it is unreasonable. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

Montas argues that his sentence is procedurally unreasonable because the district court did not consider or mention the § 3553(a) factors when it imposed the sentence.[4] The district court need not "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority. Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

Our review of the record indicates that the district court explicitly considered the § 3553(a) factors. The district court stated that it had considered the § 3553(a) factors and also specifically discussed several of them, including Montas's history and characteristics. The district court noted that Montas had accepted responsibility by pleading guilty and was subject to deportation. The district court also noted that the sentence needed to promote respect for the law, deter others and

---

[4]Montas does not argue that his 78-month sentence is substantively unreasonable.

protect the public, all § 3553(a) factors. Montas has not shown any procedural error in his sentence.

**AFFIRMED.**