UNITED STATES of America, Plaintiff–Appellee,

v.

Stanley M. PACE, Defendant–Appellant.

No. 93–2998.

United States Court of Appeals, Eleventh Circuit.

March 24, 1994.

out of this mess."

---

6. Chickelero stated that he thought that cooperation "might do [him] some good and get [him]

342

Lance Paul Cohen, Jacksonville, FL, for defendant-appellant.

Thomas E. Morris, Asst. U.S. Atty., Jacksonville, FL, for plaintiff-appellee.

Before COX and DUBINA, Circuit Judges, and CLARK, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

This is an appeal from a sentence imposed for a conviction of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. Defendant-appellant Stanley M. Pace challenges the district court's refusal to grant him a two-level decrease in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We affirm.

## FACTS

Pace was indicted on one count of conspiracy to make false claims against the United States and five counts of making false claims against the United States. The indictment arose out of Pace's participation in a scheme to obtain money from the United States by electronically filing false individual income tax returns claiming refunds. After his arrest, Pace posted bond and was released. He subsequently entered into a plea agreement with the government pursuant to which Pace agreed to plead guilty to the conspiracy count and the government agreed to dismiss the remaining counts of the indictment. Conditioned upon a favorable presentence report, the government further agreed to recommend that Pace receive a decrease in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.

On the day Pace tendered his guilty plea to the district court, the court ordered him to submit to a urinalysis test. The test was positive for the use of marijuana, and Pace admitted that he had used marijuana several days earlier. Pace's use of marijuana constituted a violation of one of the conditions of his release on bond. On the government's motion, the district court revoked Pace's bond.

At Pace's sentencing hearing, the probation officer declined to recommend a decrease in Pace's offense level based on his acceptance of responsibility:

> It is the position of the probation officer that the defendant should not be entitled to a two level decrease for acceptance of responsibility.... The defendant submitted to a urinalysis which tested positive for marijuana. It is the position of the probation officer that the defendant has not accepted responsibility as evidenced by his continued drug use.[1]

Pace objected to the probation officer's position, but the district court overruled the objection and declined to grant the decrease based on acceptance of responsibility. Pace was sentenced to 11 months in prison and three years supervised release.

## DISCUSSION

Section 3E1.1(a) of the guidelines provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." The commentary to this section provides that the district court may consider, among other

---

1. Addendum to Presentence Report at 2.

things, the defendant's "voluntary termination or withdrawal from criminal conduct or associations...." [2] The commentary further provides: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." [3]

■ Pace argues that the district court's reliance on his marijuana use to deny him a decrease pursuant to § 3E1.1 is inappropriate because his marijuana use was unrelated to his offense of conviction. More generally, Pace argues that a district court, in determining whether a decrease pursuant to § 3E1.1 is appropriate, is not authorized to consider subsequent criminal conduct that is unrelated to the offense of conviction. It is well established that a district court may considered subsequent criminal conduct in deciding whether a decrease pursuant to § 3E1.1 is appropriate.[4] This court has not, however, addressed the specific issue presented here, that is, whether the subsequent criminal conduct must be related to the offense of conviction.

■ The Fifth Circuit addressed this issue in *United States v. Watkins*.[5] In *Watkins*, the defendant pled guilty to possession of treasury checks stolen from the mail. The district court declined to grant the defendant a decrease for acceptance of responsibility for the sole reason that the defendant had used cocaine while on release pending sentencing. Affirming the district court's decision, the Fifth Circuit said:

Among the appropriate factors specified in the Guidelines for determining if a defendant qualifies for the acceptance of responsibility reduction is the defendant's "voluntary termination or withdrawal from criminal conduct or association." We note that this factor is phrased in general terms and does not specify that the defendant need only refrain from criminal conduct associated with the offense of conviction in order to qualify for the reduction. Thus, we find that the district court's interpretation that acceptance of responsibility includes refraining from any violations of the law is not without foundation.... The district court's refusal to grant a reduction solely because the defendant engaged in unlawful conduct during his pretrial release, albeit conduct unrelated to the offense of conviction, is not precluded by the Guidelines or the case precedent.[6]

We agree with the Fifth Circuit that a district court is authorized to consider subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate.[7]

■ Pace relies on a 1992 amendment to § 3E1.1(a) to support his argument that the district court should not have considered his subsequent marijuana use. In 1992, the Sentencing Commission rewrote § 3E1.1 and changed some of the commentary thereto. Old § 3E1.1(a) provided for a decrease in offense level if the defendant accepted responsibility for "his criminal conduct." New § 3E1.1(a) provides for a decrease if the

2. U.S.S.G. § 3E1.1, comment. (n.1(b)).

3. U.S.S.G. § 3E1.1, comment. (n.5).

4. *See e.g. United States v. Scroggins*, 880 F.2d 1204, 1215–16 (11th Cir.1989), *cert. denied*, 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990).

5. 911 F.2d 983 (5th Cir.1990).

6. *Id.* at 985 (citation omitted); *see also United States v. O'Neil*, 936 F.2d 599, 601 (1st Cir.1991) ("In our view the district court here could reasonably conclude that the appellant's later conduct (such as his use of marijuana in violation of bail conditions explicitly forbidding drug use) showed that the defendant lacked 'authentic remorse' for the post-office crimes.").

7. The Sixth Circuit has rejected the Fifth's Circuit's reasoning in *Watkins*, holding that a district court may consider a defendant's subsequent criminal conduct only if the conduct is similar or related to the offense of conviction. *United States v. Morrison*, 983 F.2d 730, 735 (6th Cir.1993). We agree with Judge Kennedy, who dissented from the panel's holding in *Morrison*: "I disagree with the panel's interpretation of the purpose of the Acceptance of Responsibility Guideline, U.S.S.G. § 3E1.1, and limitations it places on what behavior may be considered by a district court in applying that Guideline." *Id.* at 735 (Kennedy, J., concurring in part and dissenting in part).

defendant accepts responsibility for "his offense."[8] It is apparent from a review of all of the changes to § 3E1.1 and its commentary that the Sentencing Commission intended to make clear that a defendant should not be penalized for failing to voluntarily admit criminal conduct beyond the offense of conviction. For example, the old commentary to § 3E1.1 provided that a district court may consider the defendant's "voluntary and truthful admission to authorities of involvement in the offense and related conduct." The new commentary provides that a district court may consider the defendant's "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)."[9] The change to § 3E1.1(a) upon which Pace relies was made to ensure that the district court did not deny a defendant a decrease solely because the defendant did not voluntarily admit all criminal conduct. The change was *not* made to take from the district court the discretion to consider the defendant's continued criminal conduct when the government has adequate proof of such conduct. Accordingly, the district court did not err in considering Pace's subsequent marijuana use in declining to grant a decrease pursuant to § 3E1.1.

### CONCLUSION

For the reasons discussed above, Pace's sentence is

AFFIRMED.

---

8. U.S.S.G. App. C at 281 (1992).

