[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10939
Non-Argument Calendar
_____

D. C. Docket No. 06-00445-CR-2-IPJ-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK DEJUAN HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 11, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Derrick Dajuan Hall appeals his 30-month sentence, imposed for unlawful possession of an unregistered short-barreled firearm, alleging that the district court erred in denying him a downward adjustment to his base offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, based solely upon his testing positive for marijuana use. Because Hall's positive test for marijuana use is a factor that the district court correctly considered in denying Hall the reduction, the court did not clearly err in denying Hall an acceptance-of-responsibility reduction under § 3E1.1. For the reasons that follow, we AFFIRM.

## I. BACKGROUND

Derrick Dajuan Hall was indicted for unlawful possession of an unregistered short-barreled firearm, in violation of 26 U.S.C. § 5861(d). He subsequently pleaded guilty to the charge.

According to the undisputed facts in the Presentence Investigation Report ("PSI"), Hall was involved in an argument with another individual inside the Blues Palace Club in Birmingham, Alabama. An off-duty police officer working at the club broke up the argument and ejected Hall from the club. However, Hall did not leave the premises; rather he walked around the parking lot and then returned to the club. The off-duty officer observed Hall walking in a manner that indicated there may be something concealed in his pant leg and, based upon this observation, one

2

of the police officers at the club frisked Hall. During this pat down, the officer felt a hard object on Hall's right hip. Officers escorted Hall outside the club, where they lifted his shirt and saw part of a shotgun protruding from Hall's pants. The gun was an Iver Johnson single-barrel, 12 gauge shotgun with a crudely cut off barrel 13 7/8 inches in length and one loaded round of ammunition. The gun was not registered in the National Firearms Registration and Transfer Record.

The probation officer found that Hall had a total adjusted base offense level of 18 and a criminal history category of II, which produced a sentencing range of 30 to 37 months. In calculating the total adjusted base offense level, the officer did not recommend an adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, based upon Hall's "positive drug screen results for marijuana and his failure to comply with drug court conditions." Hall objected to the PSI not including a downward adjustment for acceptance of responsibility.

At his sentencing hearing, Hall renewed his objection to the PSI, although he admitted that he failed three drug tests. The district court overruled the objection, stating: "It does not show acceptance of responsibility if you keep violating the law, and positive drug screenings for illegal drugs is a violation of the law. It's not just one time. It's three times." R4 at 4. The district court accepted the PSI's recommended guideline calculations and, noting that the guideline sentencing

3

range was advisory, sentenced Hall to 30 months' incarceration and 3 years' supervised release. Id. at 4-7.

## II. DISCUSSION

Hall argues on appeal that the district court erred in denying him a downward adjustment for acceptance of responsibility. Admitting that he tested positive for marijuana during two drug screenings between his indictment and his sentencing hearing, Hall contends, inter alia, that the positive drug tests are insufficient to deny him an adjustment for acceptance of responsibility. In support, he notes that "he admitted his guilt timely, entered a plea early in the case and did not commit any further crimes after his plea." Appellant's Br. at 10. He also relies upon dicta in the Second Circuit's decision in United States v. Woods, 927 F.2d 735, 736 (2d Cir. 1991), in which that circuit expressed doubt whether the defendant's failure of three drug tests after pleading guilty "would, standing alone, provide an adequate ground for denying Woods a sentence reduction." Id. at 736. We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). The defendant bears the burden of showing entitlement to the reduction, and, under the clear error standard, the sentencing judge is entitled to great deference on review. Id. at 756-57.

4

The Guidelines provide for a two-level decrease in a defendant's base offense level if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). An additional one-level reduction is permitted for acceptance of responsibility "[i]f the defendant qualifies for a reduction under § 3E1.1(a), the offense level determined prior to the application of the two-level decrease is level 16 or greater," and the government submits a motion "stating that the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b).

"A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1 cmt. n.3; see also Williams, 408 F.3d at 756-57 (holding that the district court did not clearly err when it denied defendant an acceptance-of-responsibility reduction because defendant's guilty plea was not sufficient to show his acceptance of responsibility where he had testified falsely at plea proceeding and sentencing). Although a guilty plea "will constitute significant evidence of acceptance of responsibility[,] . . . this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.3. An appropriate

5

consideration is whether the defendant truthfully admits conduct comprising the offense conduct and any additional relevant conduct. Id. cmt. n.1(a).

Moreover, we held in United States v. Pace, 17 F.3d 341, 344 (11th Cir. 1994), that the district court did not err in declining to grant an adjustment for acceptance of responsibility based upon the defendant's drug use alone. See Pace, 17 F.3d at 344. In Pace, the defendant tested positive for marijuana on the day of his guilty plea and admitted that he had used marijuana a few days earlier. Id. at 342. His marijuana use constituted a violation of a condition of his release on bail. Id. The probation officer declined to recommend a downward adjustment for acceptance of responsibility. Id. Over Pace's objection, the district court denied the adjustment, and we affirmed. We reasoned that a "district court is authorized to consider [a defendant's] subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate." Id. at 343.

The district court did not clearly err in denying Hall an acceptance-of-responsibility reduction under § 3E1.1. Although Hall pleaded guilty, that fact alone did not automatically entitle him to the reduction. See Williams, 408 F.3d at 756-57. During his release pending sentencing, Hall tested positive for marijuana use, which is a factor the court correctly considered in

6

denying Hall the reduction.  See Pace, 17 F.3d at 344.  We accord great deference to a district court's decision to deny a sentence reduction, and, based on the record here, we cannot find that the district court's decision to deny a reduction constituted "clear error."  See Williams, 408 F.3d at 756-57.  The Second Circuit's decision in Woods does not change this result.

### III. CONCLUSION

The district court did not err in considering Hall's admitted drug use during his probation in the time period prior to the offense of conviction and in denying Hall's request for a sentence reduction for acceptance of responsibility. Accordingly, we **AFFIRM**.

7