[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

No. 08-10407
Non-Argument Calendar

_____

D. C. Docket No. 06-00275-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOB WARNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(October 29, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Jacob Warner appeals his 72-month sentence for theft of government property. Warner pleaded guilty to defrauding the Federal Emergency Management Agency in the wake of Hurricane Katrina. He contends that under the sentencing guidelines, the district court erred in three ways: (1) in calculating the loss amount for his conduct under § 2B1.1; (2) in finding that he was a manager or supervisor in the criminal enterprise under § 3B1.1; and (3) in denying him a downward adjustment for acceptance of responsibility under § 3E1.1. We address each contention in that order.

**I**.

We review the district court's amount-of-loss determination for clear error. United States v. Cabrera, 172 F.3d 1287, 1292 (11th Cir. 1999). The government must establish the attributable loss by a preponderance of the evidence. United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004).

Loss is the financial quantification of a theft that is used to set a base offense level for the crime under the sentencing guidelines. Courts use either the "actual loss: the reasonably foreseeable pecuniary harm that resulted from the offense" or the "intended loss: the pecuniary harm that was intended to result from the offense," whichever is greater. U.S.S.G. § 2B1.1, cmt. 3(A)(i–ii). An amount

of loss between $10,000 and $30,000 adds four levels to the base offense level for theft. U.S.S.G. § 2B1.1(b)(1)(C).

Warner pleaded guilty following an indictment that listed $8,358.00 as the total amount of his theft. He argues that $8,358.00 is the correct amount of loss involved in his case, meaning that only two levels of enhancement were appropriate, rather than four. See U.S.S.G. § 2B1.1(b)(1) (showing that a loss between $5,000 and $10,000 equates to a two-level increase).

U.S.S.G. § 1B1.3(a)(1), however, instructs the district court to consider "(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and (B) in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Under this rule, the district court calculated the loss from Warner's crimes as $25,062.00—well within the $10,000 to $30,000 range that calls for a four-level increase.

The district court's calculation of $25,062.00 included $12,358.00 that Warner received in FEMA checks made out to him and $12,704.00 in FEMA checks made out to four other people. Those four people were Ina Allen, William Goldsmith, James Lassic Jr., and Jannell Lassic. Each testified that Warner brought them FEMA checks or introduced them to others who procured the

3

checks. In each instance, Warner took a share of the money for his assistance, usually several hundred dollars per check. That testimony established that Warner at least aided and abetted those frauds, meaning that the $12,704.00 was part of the loss caused by Warner's crimes under U.S.S.G. § 1B1.3(a)(1). Further, FEMA mailed six checks, totalling $12,358.00, to Warner directly. Security cameras photographed Warner cashing three of the checks; the other three were also cashed or deposited, but without photographs being made. Therefore, regardless of his involvement with the fraudulent checks made out to others, Warner himself received more than $12,000 via checks made out specifically to him. That actual loss alone placed Warner in the $10,000 to $30,000 range and justified the four-level increase under U.S.S.G. § 2B1.1(b)(1)(C). The district court did not err.

## II.

We review for clear error the district court's finding that Warner was a manager or supervisor for enhancement purposes under U.S.S.G. § 3B1.1. United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005). Under the guidelines, a defendant's offense level is increased by three if he was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b).

4

Warner argues that he did not lead or organize the fraud and claims that Eloise Curry—his mother—was the head of the operation. But the district court did not find that Warner was the "organizer or leader;" instead, it found that he was a "manager or supervisor." To qualify as a "manager or supervisor" the defendant need only assert "control or influence over at least one other participant in the crime." United States v. Campa, 529 F.3d 980, 1013 (11th Cir. 2008) (quotation marks omitted); U.S.S.G. § 3B1.1, cmt. n.2.

Testimony established that Warner controlled or influenced Ina Allen and Jannell Lassic. Allen testified that Warner had recruited her to collect a FEMA check, asked his cousin to make the fraudulent phone call on her behalf, called her when the check arrived, and drove her to pick up the check, cash it, and pay off his cousin. Warner himself then filched the rest of the money from the check. Similarly, Lassic testified that Warner came to her house, solicited her participation by telling her that a FEMA check had been issued in her name, drove Lassic and her father to retrieve the check and to cash it, and took $800 from the proceeds. Warner does not deny any of this. The trial court did not err in finding that Warner controlled or influenced at least one other participant.

For a "manager or supervisor" enhancement, the guidelines also require that the criminal activity involve "five or more participants or [be] otherwise

extensive." U.S.S.G. § 3B1.1(b). "'Participant' is defined as a person who is criminally responsible for the commission of the offense, but need not have been convicted." United States v. Williams, 527 F.3d 1235, 1248 (11th Cir. 2008) (citing U.S.S.G. § 3B1.1, cmt. n.1) (emphasis omitted). In this case, evidence shows that as many as nine people were involved in this enterprise to defraud FEMA. In fact, five people—Warner, Ina Allen, William Goldsmith, James Lassic Jr., and Nakasha Woods—all explicitly admitted their involvement in the criminal activity and pleaded guilty to related charges. The criminal activity obviously involved at least these five participants. The government thus established both elements of the three-level enhancement for being a manager or supervisor, and the district court did not err in applying it under U.S.S.G. § 3B1.1.

## III.

We review for clear error the district court's judgment denying a downward adjustment for acceptance of responsibility. United States v. Moriarty, 429 F.3d 1012, 1022–23 (11th Cir. 2005). Under U.S.S.G. § 3E1.1, a defendant who has "clearly demonstrate[d] acceptance of responsibility for his offense" is entitled to a two-level reduction. A guilty plea is significant evidence of acceptance of responsibility, but does not create entitlement to the reduction, and can be

6

outweighed by a defendant's conduct that is inconsistent with accepting responsibility. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005).

Warner did plead guilty. However, while on pretrial release, Warner also tested positive for and admitted using marijuana, then cut off his monitoring bracelet and disappeared for five months. During those five months, Warner led Montgomery police on a high-speed chase and escaped after wrecking the car; was arrested in Georgia but freed after lying to the police about his identity; and fled again when the deputies came for him. Warner also directed another participant in the fraud to lie to police if questioned. For all of this, Warner received a two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice.

There are two independently sufficient reasons why the district court did not err in denying Warner an acceptance of responsibility reduction. First, as Warner acknowledges, "conduct resulting in an enhancement under U.S.S.G. § 3C1.1 [obstruction of justice] . . . ordinarily indicates that a defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, cmt. n.4. However, the guidelines recognize that "there may . . . be extraordinary cases" in which both an acceptance of responsibility reduction and an obstruction of justice enhancement are warranted. Id. Warner contends that this qualifies as an "extraordinary case" because he fled in fear after learning that his sister, at her sentencing for similar

7

hurricane-related fraud, would face a minimum of 34 years in prison. A defendant who flees because he fears a long term of incarceration does not qualify for the "extraordinary" circumstances exception warranting a reduction in sentence.

Second, Warner used marijuana in violation of his pretrial release conditions. In United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994), this Court stated that "it is well established that a district court may consider subsequent criminal conduct in deciding whether a decrease pursuant to § 3E1.1 is appropriate." The district court in Pace refused to grant an acceptance of responsibility reduction because, while awaiting trial on conspiracy and fraud charges, the defendant tested positive for marijuana. We affirmed. Id. at 343–44. Pace controls, and on that ground alone the district court's decision to deny Warner an acceptance of responsibility reduction is not error.

Warner bases his request for an acceptance of responsibility reduction centrally on his guilty plea, which in itself is not enough. United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999) ("The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea.") (citation omitted). In light of Warner's criminal activity between his indictment and sentencing and his well-deserved obstruction of justice

enhancement, the district court did not err in denying him an acceptance of responsibility reduction under U.S.S.G. § 3E1.1.

**AFFIRMED.**