[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11017
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00199-CR-ORL-28-KRS

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

RAYMOND CUTTS, IV,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 29, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Raymond Cutts, IV, appeals his sentence of twelve months and one day.

Cutts was convicted, upon his guilty pleas, for filing a fraudulent Hurricane

Katrina claim with the Federal Emergency Management Agency ("FEMA") in violation of 18 U.S.C. § 371 (conspiracy to defraud the United States), 18 U.S.C. § 287 (submitting a false claim against the United States), and 18 U.S.C. § 641 (theft of government funds).

On appeal, Cutts argues the district court's reliance on his drug use during his pretrial release to deny his request for an acceptance of responsibility reduction was inappropriate as his drug use was unrelated to the offenses of his convictions. Cutts also contends that the district court abused its discretion in denying his request for a downward variance so that his sentence would match the lower sentence received by his father for similar conduct.

## I.

The denial of a reduction for acceptance of responsibility is reviewed for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and is therefore "entitled to great deference on review." Id. Section 3E1.1 of the Sentencing Guidelines permits a district court to give a defendant a sentence reduction "provided that the defendant 'clearly demonstrates acceptance of responsibility for his offense, and he has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the

2

following steps: (1) timely providing complete information to the government concerning his own involvement in the offense; or [2] timely notifying authorities of his intention to enter a plea of guilty.'" United States v. Gonsalves, 121 F.3d 1416, 1420 (11th Cir. 1997) (quoting U.S.S.G. § 3E1.1).  However, continued criminal activity, such as drug use, during the pretrial period can result in a denial of this reduction.  Gonsalves, 121 F.3d at 1420-21.

Here, Cutts's drug use during his pretrial release was unrelated to the underlying offenses for which he pled guilty.  However, in United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994) we rejected the same argument that Cutts advances here, namely that because he accepted full responsibility for the non-drug related offenses with which he was charged, he should not be denied an acceptance of responsibility reduction for his drug addiction.  In Pace, a defendant who pled guilty to making false statements by filing false tax returns was denied an acceptance of responsibility reduction due to his marijuana use while out on bond. 17 F. 3d at 342.  In reviewing the district court's decision in Pace, we held that "a district court is authorized to consider subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate." Id. at 343.  Thus, in accordance with our precedent, we find that the district court did not clearly err in denying Cutts an

acceptance of responsibility reduction.

II.

Next, Cutts argues that he is entitled to a downward variance of his sentence, pursuant to 18 U.S.C. § 3553(a)(6) in order to avoid a disparity in sentencing between his sentence of twelve months and one day and his father's sentence of five months for similar conduct. Section 3553(a)(6) requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We review the reasonableness of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 591 (2007).

Upon review of the record and the parties' briefs, we conclude that the district court did not abuse its discretion in denying Cutts's request for a downward departure. Cutts was not similarly situated to his father in that Cutts had a criminal history category of VI while his father had a criminal history of IV. Thus, the resulting difference in their sentences did not create an unwarranted sentencing disparity. Furthermore, the district court imposed a sentence that was within the guidelines range and expressly examined that sentence in light of the § 3553(a) factors.

**AFFIRMED.**

4