[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10433
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00004-DHB-WLB-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRITTANY DENISE MACKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 9, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Brittany Denise Mackey appeals her 51-month sentence for conspiracy to

possess with intent to distribute, and to distribute, cocaine, in violation of 21

U.S.C. § 846. She argues that the district court clearly erred in denying an offense level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), based on her use of marijuana while on pretrial release. For the reasons set forth below, we affirm.

## I.

On July 9, 2009, Mackey pled not guilty to two drug charges and was released on bond. As a condition of her release, Mackey was required to refrain from using narcotics or other controlled substances. On August 13, 2009, Mackey's probation officer petitioned the court to revoke Mackey's bond, because she had tested positive for marijuana on July 15, 2009, July 28, 2009, and August 10, 2009. The revocation petition noted that, although Mackey claimed that her July 15, 2009 positive test resulted from pre-bond marijuana use, subsequent testing showed that Mackey's THCA[1] level for the July 15, 2009, test was 57 nannograms, while her THCA level for the July 28, 2009, test was 78 nannograms. According to the probation officer, this clearly showed that Mackey had re-used marijuana while released on bond. At the bond revocation hearing, Mackey did not challenge the results of the drug tests, and the court revoked Mackey's bond.

---

[1]THCA, or 11-nor-9-carboxy-delta-9-tetrahydrocannabinol, is the primary metabolite that results from marijuana use.

Mackey subsequently pled guilty to conspiracy to possess with intent to distribute, and to distribute, cocaine.

According to the presentence investigation report ("PSI"), Mackey had rented a house in Brunswick, Georgia, for George Paris Clark, IV. Mackey was aware that Clark used the house to store narcotics and to conduct his drug distribution business. She also admitted to being present at the house during a specific drug delivery. Agents searched the house while Clark and Mackey were inside and recovered 2.193 kilograms of cocaine and 3.7 grams of cocaine base.

The PSI set Mackey's total adjusted offense level at 24, which combined with her criminal history score of I to yield a guideline imprisonment range of 51 to 63 months. The PSI noted that Mackey was not eligible for a U.S.S.G. § 3E1.1(a) reduction for acceptance of responsibility, because she had failed to abstain from illicit drug use while on pretrial release. Mackey objected to the PSI's failure to recommend a § 3E1.1(a) reduction for acceptance of responsibility, arguing that the marijuana use was unrelated to her offense conduct, and that she admitted her pretrial drug use at her detention hearing. She also noted that she openly and fully accepted responsibility for her role in the offense.

At sentencing, the court noted that it had received a letter from Mackey

3

stating that she had not done anything wrong, and that she had pled guilty "[d]ue to certain circumstances." Mackey stated that the letter was written on her behalf by her sister, and that she had not read the letter before it was mailed to the court. Mackey argued that she should have received an acceptance of responsibility reduction, because she had not lied or concealed information. She noted that she had admitted to using marijuana while on pretrial release and had informed her probation officer that she had a problem with marijuana use. Mackey herself addressed the court, apologized for her actions, and stated that she accepted full responsibility for her part in the offense. She also apologized for using marijuana while on pretrial release.

The district court determined that it could not grant Mackey an acceptance of responsibility reduction because of the "[m]arijuana usage and all of these supplications, which are, in effect, a denial of guilt, fluttering around in this case, even if they are not attributable to her." It noted that Mackey's marijuana use while on pretrial release was so concerning because of her continuing "association with the crowd that sells it." The court found that Mackey's actions reflected "a less-than-meaningful level of contrition and remorse," because she "was simply continuing her conduct as before." The court sentenced Mackey to 51 months' imprisonment, to be followed by 5 years of supervised release.

4

**II.**

"We review the district court's determination of acceptance of responsibility only for clear error." *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004). The sentencing judge's determination regarding a defendant's acceptance of responsibility "is entitled to great deference on appeal." *United States v. Kendrick*, 22 F.3d 1066, 1068 (11th Cir. 1994); *see* U.S.S.G. § 3E1.1, comment. (n.5) (providing that "great deference" is warranted, because the sentencing judge "is in a unique position to evaluate a defendant's acceptance of responsibility").

Section 3E1.1 of the Sentencing Guidelines permits a district court to reduce a defendant's offense level if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "A defendant who enters a guilty plea is not entitled to an adjustment . . . as a matter of right," as conduct inconsistent with acceptance of responsibility may outweigh the defendant's guilty plea and truthful admission of relevant conduct. U.S.S.G. § 3E1.1, comment. (n.3). "[A] district court is authorized to consider subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate." *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994), (holding that the district court did not clearly err in denying the § 3E1.1(a) reduction where the defendant

5

tested positive for marijuana on the day that he entered his guilty plea); *see United States v. Scroggins*, 880 F.2d 1204, 1216 (11th Cir. 1989) (holding that a defendant's continued drug use "is one indicia that the sentencing judge may consider in assessing whether the [§ 3E1.1(a)] adjustment is appropriate"); *United States v. Hromada*, 49 F.3d 685, 691 (11th Cir. 1995) (holding that the district court did not clearly err in denying the defendant a § 3E1.1 reduction based on his continued use of drugs while on pretrial release).

## III.

Applying the deference to which the district court is entitled, the court did not clearly err in denying Mackey a § 3E1.1 reduction based on her use of marijuana while on pretrial release. First, precedent forecloses Mackey's argument that the district court could not consider her marijuana use because it was unrelated to her offense of conviction. *See Pace*, 17 F.3d at 343. Second, even though Mackey pled guilty and provided authorities with all the information she had, the district court was permitted to find that this conduct was outweighed by her use of narcotics while on pretrial release, which is inconsistent with an acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a), comment. (n.3); *Pace*, 17 F.3d at 343; *Scroggins*, 880 F.2d at 1216 (continued drug use is one indicia that court may consider in determining whether defendant accepted responsibility).

Mackey attempts to distinguish her case from *Pace* by arguing that Pace tested positive for narcotics on the day that he entered his plea, while her use of marijuana occurred soon after she was release on bond. This argument ignores the fact that Mackey tested positive for narcotics at least three times, after which she was incarcerated, thereby precluding further drug use. Mackey also initially denied using marijuana after her initial appearance, although subsequent testing proved that this was not true. Furthermore, binding precedent establishes that any drug use while on pretrial release is sufficient grounds for the denial of a § 3E1.1(a) reduction. *Pace*, 17 F.3d at 343; *Hromada*, 49 F.3d 691. Accordingly, because the district court did not clearly err in denying Mackey a § 3E1.1 reduction for acceptance of responsibility based on her drug use while on pretrial release, we affirm her 51-month sentence.

**AFFIRMED.**