[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12621
Non-Argument Calendar

_____

D.C. Docket No. 4:09-cr-00431-BAE-GRS-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2012
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC LAVONNE SMALLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 19, 2012)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Eric Lavonne Smalls appeals the district court's denial of his motion to suppress evidence and his sixty-five-month sentence imposed after he pled guilty to the offense of possession of a firearm by a convicted felon. See 18 U.S.C. § 922(g)(1).

Smalls argues that the district court erred in denying his motion to suppress evidence seized from his automobile after he was stopped by Savannah-Chatham County Metropolitan Police Officer John McNamara for violating a state statute prohibiting amplification of sound from any "mechanical sound-making device" in a motor vehicle so that the sound becomes "plainly audible at a distance of 100 feet or more from the motor vehicle." Ga. Code Ann. § 40-6-14(a).[1]

The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Within the limitations imposed by the Fourth Amendment, a police officer "may stop a vehicle when there is probable cause to believe that the driver is violating [an] applicable traffic [or] equipment regulation[] relating to the operation of motor

---

[1] Officer McNamara testified that he stopped Smalls to enforce both the statute and a local ordinance prohibiting loud music from a motor vehicle, however, because the government relies on the statute and does not specify what ordinance McNamara was enforcing, we address McNamara's authority to effectuate the stop for a violation of the statute only.

vehicles." United States v. Spoerke, 568 F.3d 1236, 1248 (11th Cir. 2009) (internal quotation marks omitted).

Here, Smalls contends that McNamara lacked probable cause to stop him for a violation of the statute because there was no specific testimony at the suppression hearing that Officer McNamara was located more than one-hundred feet away when he heard the sound emitted from Smalls' vehicle. However, even if Officer McNamara was positioned more than one-hundred feet away, "[a] traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment" provided that the "mistake of fact was reasonable." United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003). Officer McNamara testified at the suppression hearing that he heard a loud "thumping" sound coming from the radio in Smalls' automobile when Officer McNamara was located one block away from Smalls, and that he heard the automobile before he saw it. A reasonable officer in Officer McNamara's position could have believed that the music was audible more than one-hundred feet away on the basis of these observations. Because any mistake of fact by Officer McNamara in evaluating his distance from Smalls' car was thus a reasonable one, he did not violate the Fourth Amendment when he stopped Smalls for violation of the noise statute. See Illinois v. Rodriguez, 497 U.S. 177, 185 (1990) ("What is

3

generally demanded of the many factual determinations that must regularly be made by agents of the government . . . is not that they always be correct, but that they always be reasonable.").

In challenging his sentence, Smalls argues that the district court erred in applying a four-level enhancement for use or possession of a firearm "in connection with another felony offense," see U.S.S.G. § 2K2.1(b)(6) (2010), based upon its finding that, at the time of his arrest, Smalls was involved in committing the felony offense of possessing marijuana with intent to distribute it, see 18 U.S.C. § 841(a)(1)-(b)(1)(D).[2]  Smalls argues this was erroneous because, he asserts, the evidence was more consistent with personal use of marijuana than with distribution of it.  We review the district court's findings for clear error, see United States v. Blas, 360 F.3d 1268, 1272 (11th Cir. 2004), and we may reverse only if "after reviewing all of the evidence," we are left with "a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (internal quotation marks omitted).

---

[2] This finding does not give rise to an Apprendi violation because the sentence imposed was within the ten-year statutory maximum punishment for violation of 18 U.S.C. § 922(g)(1), to which Smalls pled guilty.  See 18 U.S.C. § 924(a)(2); Blakely v. Washington, 542 U.S. 296, 303 (2004) ("[T]he 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.") (emphasis omitted).

4

Having reviewed all of the evidence to which the parties refer us,[3] we find no clear error in the district court's determination that Smalls was engaged in distributing marijuana at the time of his possession of the handgun.

Finally, Smalls contends that the district court erred in denying him credit for acceptance of responsibility in computing his offense level. See U.S.S.G. § 3E1.1(a) (2010). "The district court's determination of whether a defendant is entitled to a reduction for acceptance of responsibility is a finding of fact that is entitled to great deference on appeal and will not be disturbed unless clearly erroneous." United States v. Caraballo, 595 F.3d 1214, 1233 (11th Cir. 2010) (internal quotation marks omitted). Here, the district court denied Smalls a reduction for acceptance of responsibility because Smalls tested positive for cocaine usage during his pre-trial release. See United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994) (affirming district court's finding that defendant's illegal drug use while on pre-trial release was inconsistent with acceptance of responsibility). Although Smalls produced the results of a drug test administered

---

[3] The district court's finding was based on testimony at the sentencing hearing and information in Smalls' presentencing report which showed that, at the time of his offense, Smalls was in possession of seventy-one grams of marijuana, drug paraphernalia, and numerous small baggies that the court found are typically used to distribute marijuana, and that Smalls had a prior record of conviction for a drug-distribution offense. Although Smalls argues that some of this evidence was consistent with personal use, that Smalls may have used some of the marijuana himself does not necessarily negate that he also distributed it, and therefore this assertion alone does not render the district court's finding clearly erroneous.

by a private lab in which he tested negative, the district court credited the government's test because it was conducted by a lab that is certified by the government and that takes precautions to prevent a false positive result. The district court's decision to credit the positive test result was not clearly erroneous on its face, and Smalls points us to no additional evidence that calls the district court's finding into question.

**AFFIRMED**