[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13202
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00196-HES-JRK-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

EMMIT WADE, JR.,

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 3, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Emmit Wade, Jr., pled guilty to mail fraud, in violation of 18 U.S.C. § 1341. The presentence investigation report, which the district court adopted at sentencing, prescribed a Guidelines sentence range of 24 to 30 months' imprisonment. The court varied downward from that range and sentenced Wade to prison for a year and a day.

Wade appeals the sentence, asserting it is procedurally unreasonable in that the district court erred in calculating the Guidelines sentence range. He argues that the court erred in failing to adjust the Guidelines offense level downward pursuant to sections 3B1.2 and 3E1.1 for having played a mitigating role in the offense and for accepting responsibility for his criminal conduct. United States Sentencing Commission, Guidelines Manual, §§ 3B1.2, 3E1.1. We find no error and therefore affirm.

## I.

We review for clear error the factual findings on which a district court bases its denial of a mitigating-role adjustment. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320–21 (11th Cir. 2010). Section 3B1.2(a) states that if a defendant was a minimal participant in the crime, his offense level should be decreased by four. U.S.S.G. § 3B1.2(a). If he was a minor participant, section 3B1.2(b) states that his offense level should be decreased by two. *Id.* § 3B1.2(b). If his participation was between minimal and minor, his offense level should be

2

decreased by three.  *Id.* § 3B1.2.  A minimal participant is a defendant who is "plainly among the least culpable of those involved in the conduct of a group."  *Id.* § 3B1.2, comment. (n.4).  A minor participant is a defendant "who is less culpable than most other participants . . . , but whose role could not be described as minimal."  *Id.* § 3B1.2 comment. (n.5).

The district court must first "compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level." *Bernal-Benitez*, 594 F.3d at 1320–21 (quotation marks omitted) (quoting *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006) (per curiam)). Second, the district "'court may compare the defendant's conduct to that of other participants involved in the offense.'  The defendant must prove his [minimal or] minor role by a preponderance of the evidence."  *Id.*  (citation omitted) (quoting *Alvarez-Coria*, 447 F.3d at 1343).

The district court did not clearly err in denying the offense-level reduction for playing a minimal or minor role in the crime.  Although Wade did not devise the fraud scheme, his role in the mail fraud was not minimal nor minor.  He is not plainly among the least culpable in the entire group, under section 3B1.2, comment. (n.4), when compared with other, similarly situated defendants. Additionally, the mail fraud could not have happened without Wade providing his personal information, agreeing for it to be used, intending to defraud, and opening

3

a bank account into which the money was deposited, so he cannot be described as a minor actor. *Bernal-Benitez*, 594 F.3d at 1320–21; U.S.S.G. § 3B1.2 comment. (n.5). There was no showing by Wade that he was differently situated than any other participant in the scheme other than Kelly, who devised the fraud scheme. U.S.S.G. § 3B1.2 comment. (n.5)

## II.

We review for clear error the factual findings on which a district court bases its denial of an acceptance-of-responsibility adjustment. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005) (per curiam). "[T]he determination of the sentencing judge is entitled to great deference on review." *Id*. (quotation marks omitted) (quoting U.S.S.G. § 3E1.1 comment. (n.5)). "Although a guilty plea can constitute significant evidence of acceptance of responsibility, it may be outweighed by conduct of the defendant inconsistent with an acceptance of responsibility." *Id*. at 1023; U.S.S.G. § 3E1.1 comment. (n.3).

In *United States v. Scroggins*, we concluded that the district court properly denied a sentence reduction under section 3E1.1(a) when the defendant had continued to use cocaine after his arrest, even though the defendant had otherwise comported with section 3E1.1 by admitting criminal responsibility and cooperating with authorities. 880 F.2d 1204, 1215–16 (11th Cir. 1989). "[A] district court is authorized to consider subsequent criminal conduct, even if it is unrelated to the

offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate." *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994).

The district court did not clearly err in denying the offense-level reduction for acceptance of responsibility. The court properly denied the reduction because Wade had not ceased criminal activity, namely, cocaine use. *Scroggins*, 880 F.2d at 1215–16. Although Wade pled guilty to mail fraud, enrolled in drug treatment and counseling, and kept regular employment, the court was authorized in finding that his drug use, characterized by the district court as a new law violation, outweighed everything else. *Moriarty*, 429 F.3d at 1023; *Pace*, 17 F.3d at 343.

AFFIRMED.