[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12790

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OLAJUWON RAHEEM WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:22-cr-00122-JRH-BKE-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Olajuwon Williams appeals his 120-month sentence for possession of a firearm by a convicted felon. He asserts the district court clearly erred in failing to apply a reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), because he had clearly demonstrated acceptance of responsibility by the time of sentencing. The Government has moved for summary affirmance, arguing that, under § 3E1.1, Williams' obstruction of justice enhancement precludes a reduction for acceptance of responsibility except in "extraordinary cases," and submits that *United States v. Coats*, 8 F.4th 1228 (11th Cir. 2021), dictates that Williams' case is not extraordinary. After review,[1] we grant the Government's motion for summary affirmance.

Pursuant to U.S.S.G. § 3C1.1, a defendant's offense level will be increased by two levels if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and

---

[1] We "review the district court's determination of acceptance of responsibility only for clear error." *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004).

> (2) the obstructive conduct related to (A) the defend-
> ant's offense of conviction and any relevant conduct;
> or (B) a closely related offense . . . .

U.S.S.G. § 3C1.1.  Pursuant to U.S.S.G. § 3E1.1, a defendant's of-
fense level may be decreased:

> (a) If the defendant clearly demonstrates acceptance
> of responsibility for his offense, decrease the offense
> level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under sub-
> section (a), the offense level determined prior to the
> operation of subsection (a) is level 16 or greater, and
> upon motion of the government stating that the de-
> fendant has assisted authorities in the investigation or
> prosecution of his own misconduct by timely notify-
> ing authorities of his intention to enter a plea of
> guilty, thereby permitting the government to avoid
> preparing for trial and permitting the government
> and the court to allocate their resources efficiently,
> decrease the offense level by 1 additional level.

*Id.* § 3E1.1.  The defendant bears the burden of clearly demonstrat-
ing he has accepted personal responsibility.  *United States v. Wright*,
862 F.3d 1265, 1279 (11th Cir. 2017).

A relevant factor for whether the reduction is appropriate is
whether the defendant voluntarily terminated or withdrew from
criminal conduct or associations.  U.S.S.G. § 3E1.1, comment.
(n.1(B)).    In  addition,  we  have  held  a  court  may  consider

"subsequent criminal conduct in deciding whether a decrease pursuant to § 3E1.1 is appropriate," even if that conduct is unrelated to the offense of the conviction. *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994); *Wright*, 862 F.3d at 1279. Commentary application note 4 of § 3E1.1 specifies that "[c]onduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, comment. (n.4).

In *Coats*, we rejected Coats' argument he was entitled to an acceptance of responsibility reduction despite his obstructive conduct, which preceded his guilty plea. *Coats*, 8 F.4th at 1232-34. During his incarceration in county jail, Coats assaulted a material witness in his case by punching him in the face in an attempt to influence his testimony. *Id.* at 1233, 1261. A federal grand jury later indicted Coats for the same underlying incident as his state charges, and he subsequently pleaded guilty. *Id.* at 1233, 1261. Coats received an enhancement for obstruction of justice based on his assault of the witness, and he was denied a reduction for acceptance of responsibility given the obstruction of justice and based on the court's finding that there were no "extraordinary circumstances" warranting the reduction. *Id.* at 1233–34, 1262.

On appeal, Coats argued he was entitled to the reduction because of the "extraordinary circumstance" that his obstructive conduct preceded his guilty plea. *Id.* at 1234. We rejected his

argument and determined the speed of federal authorities is an arbitrary and inapt factor in determining whether a case is extraordinary. *Id.* at 1263. While Coats contended his guilty plea evidenced acceptance of responsibility despite his obstructive conduct, we rejected his argument, because a defendant "must present more than just a guilty plea to establish acceptance of responsibility . . . even more so when . . . the obstructive act was a violent assault of a key witness." *Id.* (quotation marks omitted). We noted Coats' argument failed to account for the violent nature of his obstructive conduct and held the court did not clearly err. *Id.*

We grant the Government's motion for summary affirmance because its position is clearly correct as a matter of law. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). The court did not clearly err in declining to apply the reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Although *Coats* did not define "extraordinary cases," the facts in the instant case are similar such that a finding of clear error in Williams' case is irreconcilable with this Court's holding in *Coats*. First, while Williams suggests his guilty plea and apology sufficiently

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

demonstrate that he accepted responsibility, this Court directly rejected that argument in *Coats*. *Coats*, 8 F.4th at 1263; *see also Wright*, 862 F.3d at 1279. Accordingly, Williams' contention that his guilty plea alone demonstrated acceptance of responsibility cannot succeed.

As in *Coats*, Williams did not dispute the obstruction enhancement or the underlying facts, nor did he dispute the court's reliance on the advisory Guidelines commentary. *Coats*, 8 F.4th at 1261. Additionally, like Coats' one-time violent assault, Williams' obstructive conduct of threatening to kill China Harris while incarcerated was similarly isolated, yet serious and threatening in nature, and concerned a material witness in his case. *Id.* at 1263. Though Coats argued his case was extraordinary because his obstructive conduct occurred prior to his federal indictment, this Court does not distinguish between pre- and post-indictment obstructive conduct. Regardless, the same principles apply to Williams' argument—construed liberally—that the temporal gap between his obstructive conduct and his sentencing presents extraordinary circumstances. Williams' conduct at trial suggests he pleaded guilty as soon as the court agreed to dismiss Counts 1 and 2. Accordingly, had the court dismissed the counts sooner, there would have been a shorter gap between his obstructive conduct and his guilty plea. Applying the same logic as in *Coats*, the speed by which the court moved is an arbitrary and inapt factor in determining whether Williams' case is extraordinary. *Id.* As such, the temporal distance between Williams' obstructive conduct and his guilty plea is not an extraordinary circumstance.

Finally, the court was entitled to consider Coats' contraband charge for possession of cigarettes while in custody as evidence he did not voluntarily withdraw from criminal conduct. *See Pace*, 17 F.3d at 343. Taken in conjunction with the court's finding that his obstruction of justice was serious, and the great deference the district court has on such a determination, the court did not clearly err. *Wright*, 862 F.3d at 1279.

Accordingly, we GRANT the Government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule. *See* 11th Cir. R. 31-1(c) (providing a motion for summary affirmance shall postpone the due date for filing any remaining brief until we rule on such a motion).

**AFFIRMED.**